[Civ. No. 8086.   First Appellate District, Division Two.—May 20, 1932.]

GLORIA CRAIG, Respondent, v. SUZIE A. BOYES et al., Appellants.

Cooley & Crowley, Cooley, Crowley & Supple, Humphrey, Searls, Doyle & MacMillan and Morgan J. Doyle for Appellants.

Ford & Johnson, Fletcher A. Cutler and Jesse E. Nichols for Respondent.

STURTEVANT, J.—On the fifth day of June, 1930, the plaintiff was riding as the guest of W. A. Taylor. He was driving a Willys-Knight automobile. Shortly before the accident hereinafter mentioned Mr. Taylor was driving from Warm Springs north toward Irvington in Alameda County. Mrs. Suzie A. Boyes at about the same time was driving south on the same road from Oakland toward San

Jose. The road on which both parties were traveling was a paved highway. A short distance below Irvington a gravel road intersects the highway from the west. As the two automobiles were approaching the gravel road Mr. Taylor made a left-hand turn attempting to enter the gravel road. As he did so Mrs. Boyes' automobile approached from the north, collided with Mr. Taylor's automobile, and the plaintiff was injured. Thereafter she commenced this action against both drivers. In her complaint she charged Mr. Taylor with gross negligence. He appeared, filed an answer and also a cross-complaint against Mrs. Boyes. The cross-complaint was answered by Mrs. Boyes and the issues so framed were tried before the trial court sitting with a jury. The jury returned a verdict against Mr. Taylor on the cross-complaint and in favor of the plaintiff against both defendants. Each defendant has appealed. They have brought up one typewritten transcript but have filed two separate sets of briefs.

### Appeal of W. A. Taylor.

The defendant asserts that the gross negligence of this defendant was not the sole proximate cause of plaintiff's injury and therefore she has no right to recover against him. He calls to our attention that he asked an instruction to that effect which was refused and that the trial court gave an instruction as follows: "In order to hold one liable for negligence, it is not necessary that his or her omission be the sole cause of the injury suffered. Where injury results from two separate and distinct causes by different persons operating simultaneously and concurrently, both are the proximate cause and recovery may be had against either or both of the responsible persons, notwithstanding the fact that one of the acts may have been wanton and the other manifest only a lack of ordinary care." It is not controverted but that the foregoing instruction was formerly the law of this state. (*Merrill* v. *Los Angeles Gas & Elec. Co.,* 158 Cal. 499, 506 [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534]; *Sawdey* v. *Producers' Milk Co.,* 107 Cal. App. 467 [290 Pac. 684]; *Springer* v. *Pacific Fruit Exchange,* 92 Cal. App. 732, 739 [268 Pac. 951].) However, the defendant calls attention to the language used by the legislature in 1929 [Stats. 1929, p. 1580] when enacting section 141¾ of the California Vehicle Act. In particular he

quotes: " . . . provided, that in any action for death or for injury or damage to person or property by or on behalf of a guest or the estate, heirs or legal representatives of such guest, the burden shall be upon plaintiff to establish that such . . . gross negligence was *the* proximate cause of such death or injury or damage". (Italics ours.) Thereupon he emphasizes the word italicized and argues that his negligence was not the sole proximate cause, but if anything it was only one of the causes of plaintiff's injury. He cites many cases and quotes dictionaries to the effect that the word "the" is a definite article. He cites authorities to the effect that, when the definite article "the" is used, the courts may not construe the statute as though the indefinite article "a" had been used. He quotes extensively from *Wastl* v. *Montana Union Ry. Co.*, 24 Mont. 159 [61 Pac. 9, 16]. It is somewhat in point. Other cases have been cited by the defendant, and still others could be cited. The defendant does not quote the dissenting opinion in the Wastl case, which was written by Mr. Justice William H. Hunt while an associate justice of the Supreme Court of Montana. In that dissenting opinion Mr. Justice Hunt said: "I think, though, that the definite article 'the', as used in the instruction held bad, particularized the subject of proximate cause which was being spoken of by the court, without going to the extent of limiting the jury to the consideration of one, and only one, proximate cause within the several proximate causes embraced in the general subject so particularized; that is to say, while I believe the jury were directed to the subject of proximate causes by the instruction, still there was no one special limitation within the bounds of that subject by which they were exclusively concluded." The language used by Judge Hunt will be found supported by as many authorities as those cited by the defendant. In the case of *Noyes* v. *Children's Aid Society*, 70 N. Y. 481, at page 484, the court of appeals was considering a statute regarding allowances to be made in probate. The statute used the words "the party". There, as here, the specific words used in the statute were urgently relied on. The court held that the word "the" is not always used to mean but one. On page 484 the court said: "Take the well-worn and well-wearing quotation: 'The man that hath not music in himself, is fit for treason, stratagem, and spoils.' The meaning of the article

is not exhausted, when one man is found with no music in himself. 'The man' means there 'any man'. So in this statute, 'the party . . . entitled' means, 'any party entitled'.'' Many cases may be found in the books reaching the same conclusion that the New York court of appeals reached. In the case of *Anundsen* v. *Standard Printing Co.*, 129 Iowa, 200 [105 N. W. 424], the Supreme Court of Iowa was considering the meaning of the words ''the property'', as used in some of its statutes. The court quotes the dictionaries and authorities *pro* and *con*, then, on page 426 [of 105 N. W.], the court said: ''And there seems to be no settled rules for its construction. Much must of necessity be left to the context, and to the objects and purposes of the statute in which it is found.'' The rule just cited is the particular rule which we think is applicable in this case. Picking up the California Vehicle Act by its four corners, there is not a word in it to the effect that the rule heretofore existing regarding the liability of joint tort-feasors is to be changed except that it used the word ''the'' instead of the word ''a'' as hereinabove quoted. No decision in this state has so held. In the case of *Krause* v. *Rarity*, 210 Cal. 644 [293 Pac. 62], the Supreme Court was called upon to construe section 141¾. Numerous attacks had been made. Those attacks consisted of the claim that the right to maintain certain actions was annihilated by virtue of the adoption of the amendment. Commencing on page 654, Mr. Justice Shenk, speaking for the court said: ''The only change brought about by the new law was in the nature and character of the proof required in each case. There was no abolishment of the right or cause of action, but only a change in the proof required, not to maintain the action, but to permit a recovery. . . . It must therefore be concluded that the enactment of section 141¾ did not repeal section 377 of the Code of Civil Procedure in whole or in part, but simply changed the degree of negligence required to permit a recovery. . . . Here no driver has been relieved absolutely of liability to the heirs of his deceased guest, but is still liable, dependent on the degree of his negligence under the proof.'' For the reasons stated we think the trial court committed no error in construing section 141¾.

■ The cross-defendant introduced some evidence hinting at the intoxication of Mr. Taylor. No objection was made. No request was made limiting the use of that testimony. However, at the end of the case the defendant asked and the trial court refused an instruction to the effect that said testimony should not be considered by the jury in determining whether the defendant W. A. Taylor had been guilty of gross negligence. The defendant claims that the trial court erred, nevertheless he cites no authority that is directly in point. It is the settled law of this state that in determining an action based on a charge of negligence that all of the circumstances are relevant and should be considered by the jury in arriving at a verdict. (*Pruitt* v. *San Pedro, L. A. etc. R. R. Co.*, 161 Cal. 29, 38 [36 L. R. A. (N. S.) 331, 118 Pac. 223]; 45 C. J. 689.) No authority is cited to the effect that a different rule applies when the plaintiff's theory is that gross negligence was committed. It has been held that the rule is the same. (*Missouri, K. & T. Ry. Co.* v. *Zuber*, 76 Okl. 146 [7 A. L. R. 840, 184 Pac. 452, 455, 456].) We think, therefore, that the circumstance of intoxication, if any, together with all the other circumstances connected with the accident, were proper for the consideration of the jury.

■ Of its own motion the court after having given a very full and complete set of instructions stated orally: "Now, of course, the evidence introduced is applicable both to the complaint and the cross-complaint." As stated above, no request was made at any time limiting any portion of the testimony and no reason whatever appears showing that the trial court committed any error in giving said instruction.

■ The defendant complains because the trial court gave an instruction worded as follows: "Aside from the mandate of the California Vehicle Act, as to speed, the driver of an automobile is bound to use reasonable care to anticipate the presence on the highway of other persons having · equal rights with himself to be there. It is the duty of the driver of an automobile to see persons on the street in front of him where his view is unobstructed." A bare reading of that instruction shows that this plaintiff was not a party within the scope of that instruction. When it is remembered that a cross-action was also on trial and which involved the duty owing from the driver of one to

the driver of the other of the two automobiles, it is perfectly clear that the instruction was addressed to them and to them alone. Turning to the other instructions, which were given, that view is reinforced. The care this defendant owed to the plaintiff was the subject of several other instructions. (Tr. 252.)

■ Before closing it should be said that it is the settled law of this state that no one may claim the trial court erred in giving an instruction which such person requested and that one who claims error must produce a record which shows the error. It is also the settled law that in support of the judgment, in the absence of a showing to the contrary, it will be presumed that an erroneous instruction was given at the request of the party complaining. Except as hereinabove stated, the record before us does not show that the defendant Taylor did not request the instructions to which he objects, nor does it show that the alleged requested instruction was asked by him.

*Appeal of Suzie A. Boyes.*

■ Mrs. Boyes claims that the trial court erred in refusing an instruction which she requested. That instruction was as follows: "I charge you that under the law of this state every motor vehicle operating upon the public highways is required to be equipped with brakes adequate to enable the driver of said vehicle to bring the same to a stop when operated upon dry asphalt or concrete pavement surface where the grade does not exceed one per cent and when operating at speeds set forth in the following table, within the distances as follows: When the vehicle is being operated at ten miles per hour it must be equipped with brakes adequate to bring it to a complete stop within a distance of 9–3/10ths feet; at fifteen miles an hour within 20–9/10ths feet; at twenty miles an hour in 37 feet; at twenty-five miles an hour in 58 feet; at thirty miles an hour in 83–3/10ths feet; at thirty-five miles an hour in 113 feet; at forty miles an hour in 148 feet.

"If, therefore, you find from the evidence that the automobile of defendant Suzie Boyes was equipped with brakes adequate and sufficient to bring it to a complete stop within a distance of 148 feet while such automobile was being driven at a speed of 40 miles per hour or greater upon a dry

asphalt or concrete pavement where the grade did not exceed one per cent, then I charge you that such automobile of defendant Suzie Boyes was equipped with brakes meeting the requirement and provision of the law."

The witnesses for the plaintiff testified that Mrs. Boyes was traveling from fifty to sixty miles an hour. Mrs. Boyes was called as a witness by the plaintiff under section 2055 of the Code of Civil Procedure and testified that she was traveling thirty or thirty-five miles an hour. If the car was traveling over thirty miles an hour there was no evidence introduced as to the distance within which it could have been stopped. Section 94 of the California Vehicle Act [as amended by Stats. 1929, p. 530, sec. 36] sets forth a table of ten, fifteen, twenty, twenty-five and thirty miles per hour and gives the stopping distance for each. As to how that table was compiled the statute is silent. Conceding, without deciding, that in so far as section 94 determines the facts therein recited, it is conclusive on the courts (*Smith* v. *Mathews,* 155 Cal. 752, 756 [103 Pac. 199]), nevertheless it is clear that section 94 contains nothing purporting to determine the distance within which a car can be stopped if it is traveling over thirty miles per hour. It follows that all that was contained in the instruction purporting to state stopping distances in excess of thirty miles per hour was not responsive to any evidence introduced in the case. In her brief Mrs. Boyes purports to state the formula used by the legislature in compiling the table set forth in section 94, and thereupon the brief purports to state an extended table showing stopping distances for speeds, one to fifty miles per hour. While it is quite interesting it is comprised of facts not contained in the record and therefore may not be used. Furthermore, it was the theory of the plaintiff, pleaded in her complaint, restated in plaintiff's opening statement to the jury, and followed up by an examination of the witnesses, that at the time of the accident Mrs. Boyes was driving at an excessive speed. No claim was made that her brakes were defective. True it is that while a witness on the stand she was asked the question and without objection was allowed to answer that she thought her brakes were in good condition. ■ If it had been her contention that the adequacy of her brakes was in issue she should

have asked a pertinent instruction addressed to that subject. She did not do so and she may not complain.

The jury returned a verdict for $10,000. On a motion for a new trial the trial court reduced the amount to $6,500. Mrs. Boyes still contends that the amount is excessive. She does not set forth why she is of that opinion. Nevertheless, we have examined the evidence as to plaintiff's injuries and we are quite unable to state that the verdict as modified was so grossly disproportionate to any compensation reasonably warranted by the facts as presented to us on appeal as to shock the sense of justice and raise at once a presumption that it was the result of passion, prejudice or corruption, rather than an honest and sober judgment. (*Smith* v. *Brown*, 102 Cal. App. 477, 487 [283 Pac. 132].)

We find no error in the record. The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 18, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 18, 1932.