[Civ. No. 8508. First Appellate District, Division Two.—April 27, 1933.]

JOSEPHINE FITZGERALD, Respondent, v. JOHN E. QUINN et al., Appellants.

INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Respondent, v. JOHN E. QUINN et al., Appellants.

Charles W. Haswell and Philander B. Beadle for Appellants.

James F. Brennan, Bronson, Bronson & Slaven and Harold R. McKinnon for Respondents.

STURTEVANT, J.—On December 23, 1929, a truck owned by the defendant Heatley and a truck owned by one Sigmond Eckstein collided at Gough and Broadway in San Francisco. Charles Fitzgerald, now deceased, was the employee of Eckstein and the latter was insured by the Indemnity Insurance Company. John Quinn was the employee of the defendant Heatley and was operating the truck owned by the latter. As a result of the collision Fitzgerald was injured, he was taken to the hospital, where he lingered for some time and then died. Before his death he was treated at the hospital and the expenses were paid by the insurance carrier and the latter also paid to him disability indemnity charges. After his death the insurance carrier also paid to the surviving mother of the deceased the amount of the death benefit. Thereafter the plaintiff, as the heir of the deceased, commenced the action, appearing as the first one in the title, against Heatley, the owner of the other truck,

and John Quinn, the driver. Later Indemnity Insurance Company also commenced an action to recover its damages. The two actions were consolidated and tried together. The jury returned a verdict in favor of the mother in the sum of $5,000, and in favor of the Indemnity Insurance Company in the sum of $4,455.28. From the judgment the defendants have appealed under section 953a of the Code of Civil Procedure.

The defendants state eleven questions intimating error. They print as an appendix about twenty-four folios of the record. They attack six instructions which are set forth in the briefs, but they do not print any others nor give any references thereto. ■ It has been stated frequently that a court of review will not undertake to search a record on appeal for the purpose of finding material to reverse the judgment appealed from. In what follows, this court will attempt not to depart from that well-settled rule.

■ 1. The defendants claim the court erred in admitting evidence of payments of compensation insurance to the decedent. We think not, because the statute provides that the insurance carrier is subrogated to the rights of the employer and may enforce such rights in its own name. (Sec. 30, subd. [f].) And, as to the employer the statute provides: "Sec. 26 . . . If the suit be prosecuted by the employer alone, evidence of any expenditure which the employer has paid or become obligated to pay by reason of said injury or death shall be admissible, and such expenditures shall be deemed a part of the damages, . . . " (Stats. 1927, p. 1213.) The fact that on the trial another action was being tried at the same time did not give support to the contention. That fact merely called forth proper rulings as to the applicability of the evidence. It did not create a question as to the admissibility of it. (10 Cal. Jur. 816.)

■ 2. The defendants contend that it was improper to render a separate judgment in favor of the plaintiffs in each action and that the Indemnity Insurance Company was limited to a lien on the judgment in favor of the plaintiff. The statute clearly provides that the heirs of the decedent may maintain an action. It follows that in some cases a judgment may be rendered in their favor. It also provides clearly that the insurance carrier may maintain an action. From that fact it follows that in some cases a judgment may

be rendered in its favor. Because the two actions were consolidated and the plaintiffs in both actions were successful it does not follow that the judgment, as in this case, should not state separately the amount due each plaintiff, or set of plaintiffs. True, the statute provides that "The court shall, on application, allow as a first lien against any judgment recovered by the employee the amount of the employer's expenditures for compensation." That passage is addressed to judgments in favor of the employee personally and, also, to judgments in favor of his heirs. As applied to the instant case that passage was applicable to the death benefits paid by the employer. But, as stated above, no erroneous ruling was assigned as to death benefits. As to the point presented and which we are now considering, the passage quoted is not relevant. ■ Expenditures made by or for the injured person because of the injury are not, in an action brought by his heirs, elements of their damage. (*Bond* v. *United Railroads*, 159 Cal. 270 [113 Pac. 366, Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687].) In such an action, when such expenditures are not in issue, why should the payor have a lien against the judgment of the plaintiff? No reason for such a rule appears and there is no language contained in the statute necessarily to the contrary. However, when the injured employee is himself one of the plaintiffs the lien extends to his expenditures as these defendants contend. But the injured employee was not personally a party to the instant case.

■ 3. It is next asserted that if the employee dies the recovery of the employer is limited to expenditures on account of death. The statute does not so provide. It is addressed to many different possible cases; but, the clear import is to provide that the law-abiding employer and his carrier may be reimbursed for expenditures legally paid because of the injury suffered. The defendants quote from the statute as follows: " . . . If the employee joins in or prosecutes such suit, evidence of the amount of disability indemnity or death benefit paid by the employer shall not be admissible and shall not be deemed part of the damages, but proof of all other expenditures on account of said injury or death shall be admissible and shall be deemed part of the damages. . . . " That is a rule of evidence—not a limitation on the amount of the recovery. That it is a

rule of evidence appears on its face. That it was not intended as a limitation on the amount of the recovery is made clear by other passages contained in the same section. We quote: ''The death of the employee, or any other person, shall not abate any right of action established by this section. The claim of an employee for compensation shall not affect his right of action for damages arising out of injury or death against any person other than the employer; and any employer having paid, or having become obligated to pay compensation, may likewise bring an action against such other person to recover said damages.'' Then further down it is provided: ''If the suit be prosecuted by the employer alone, evidence of any expenditure which the employer has paid or become obligated to pay by reason of said injury or death shall be admissible, and such expenditures shall be deemed a part of the damages, including a reasonable attorney's fee to be fixed by the court; and if in such suit the employer shall recover more than the amount he has paid or become obligated to pay as compensation he shall pay the excess to the injured employee or other person entitled.'' To hold otherwise is to hold that the legislature has said to the employer that he may sue for complete relief, but that he may not prove the facts. As a rule of evidence the passage relied on by the defendants is only what might have been expected. The effect is that the employee and the employer must prove the facts in the same manner as before the enactment of section 26.

4. The defendants ask, ''Is there any competent evidence in the record to support the verdict in favor of plaintiff Indemnity Insurance Company of North America?'' They then refer to a page of the transcript. Turning to that page it appears that the attorneys for both parties stipulated that if the agents of the company were in court they would testify it had made payments of disability indemnity $577.98, and for medical, hospital and nursing $3,877.30, total $4,455.28. It is now said there was no evidence that such sums were the reasonable value of such services. But there was no objection that a foundation had not been laid. Again, the payment of the sums was some evidence of the reasonable value. (*Dewhirst* v. *Leopold,* 194 Cal. 424, 433 [229 Pac. 30].)

■ 5. It is intimated the verdict was excessive, but it was not. There was evidence the deceased contributed to the support of his mother $20 per week. Her expectancy was twelve years. Such evidence would have supported a verdict for more than $5,000 in favor of his surviving mother. The verdict in favor of the Indemnity Insurance Company was not in excess of the sums paid by it. There is nothing in the intimation.

■ 6. The defendants ask the question whether the trial court erred in giving six several instructions. They print them and give the line and page of the transcript. An examination of each discloses that it was not a prejudicially erroneous statement of the law. But the record does not show that any one of the instructions under attack was given by the court of its own motion nor that it was given at the request of one of the plaintiffs. On appeal and in support of the judgment, it will be assumed that if any one of the instructions was erroneous that it was given at the request of the defendants. (2 Cal. Jur. 699.)

The judgment is affirmed.

Spence, Acting P. J., and Goodell, J., *pro tem.*, concurred.