Anson T. Drake, Plaintiff, *v.* New York State Electric & Gas Corporation as Successor to Elmira Light, Heat and Power Corporation, Defendant.

Supreme Court, Special Term, Chemung County, March 3, 1937.

*Richard S. Heller*, for the plaintiff.

*Sayles, Flannery, Collin & Evans* [*William E. Palmer* of counsel], for the defendant.

Personius, J. This action is brought to recover damages for personal injuries. The complaint alleges that plaintiff's injuries were caused by the negligence of the defendant, that the plaintiff was guilty of no contributory negligence, that he received personal injuries " and has been obliged to incur great sums for medical care and treatment and also in the future he will be put to great expense for his care and treatment."

The answer alleges as a partial defense that at the time of the accident the plaintiff was employed by the United States of America, that his injuries were sustained in the course of such employment, that the United States Code provides that if an employee is injured in the performance of his duty, the United States will furnish him all services, etc., likely to cure or give relief, that the medical and hospital expense alleged in the complaint were furnished by the United States and that the United States has paid and is paying therefor. In substance the plaintiff moves to strike out this partial defense.

Such motions are not favored. If under any possible circumstances evidence of the facts pleaded has any bearing, the motion

should be denied. This is true even though the facts could be proven without pleading. (*Goodrow* v. *Press Co., Inc.*, 233 App. Div. 41, 45; *Goodrow* v. *New York American,* Id. 37, 40; *Broderick* v. *Horvatt*, 148 Misc. 731, 734.)

While it is improper to show that a plaintiff would receive workmen's *compensation,* if he did not recover in his negligence action against a third party (*Zimber* v. *Kress,* 225 App. Div. 16), " It was open to the defendants to show that plaintiff's physicians had been paid and that the plaintiff was no longer liable for the payment of their bills, or that payments had been made by or on behalf of his employer on account of wages lost by the plaintiff during his disability." (Id. 18, citing *Drinkwater* v. *Dinsmore,* 80 N. Y. 390.)

That *compensation* has been or will be received from the United States is neither a defense nor a partial defense. (*Lassell* v. *Gloversville,* 217 App. Div. 323.)

The answer makes no reference to *compensation* but only to *medical,* surgical and hospital services. It alleges that these were or are being furnished by the United States and that the plaintiff has not and will not be required to pay therefor.

The United States Code (Tit. 5, chap. 15, § 759) provides that the United States shall furnish to an employee injured in the performance of his duty, reasonable medical, surgical and hospital services. Section 776 provides that if the employee is entitled to recover from some third party he may be required to assign his right of action. In the present case this does not appear to have been done. Section 777 provides that if the beneficiary (employee) receives money as the result of a suit or settlement, " such beneficiary shall * * * apply the money * * * in the following manner: (A) If his compensation has been paid * * * he shall refund * * * the amount * * * and credit any surplus upon future payments * * *. (B) If no compensation has been paid * * * he shall credit the money * * * upon any compensation payable."

The employee is under no obligation to make refund for medical, surgical and hospital services. Such items having been paid in the first instance by the United States and there being no obligation to make refund, the plaintiff has not suffered any loss or damage in this respect; therefore, he is not entitled to recover the same and the allegations of the answer constitute a proper partial defense.

Motion denied, with ten dollars costs to abide the event.