[Civ. No. 5898. Third Appellate District.—March 5, 1938.]

MARY CUNHA, Respondent, v. RAYMOND LEWIS et al., Appellants.

F. M. Ostrander for Appellants.

H. K. Landram for Respondent.

PLUMMER, J.—The plaintiff had judgment against the appellants in the sum of $900 for and on account of injuries suffered by her in an automobile accident which occurred on or about the 26th day of March, 1936, upon the Golden State highway in the county of Merced. After the entry of judgment the plaintiff made a motion for a new trial based upon the inadequacy of the damages awarded by the jury. Upon the hearing of such motion the trial court granted the same on the ground of the insufficiency of the evidence to support the verdict, or rather, upon the ground that the damages awarded were inadequate to fittingly compensate the plaintiff for the injuries sustained by her. From the order of the court granting a new trial this appeal is prosecuted. The injuries were inflicted, as stated, on or about the 26th day of March, 1936. The trial of the action was had on the 15th day of December, 1936.

The transcript of the evidence in this case is exceedingly brief, but a reading of the transcript shows the following: That liability for the injury occasioned to the plaintiff is admitted, and the only question presented for consideration was and is the amount of damages awarded, or that should be awarded.

We find in the reporter's transcript testimony which sustains the following propositions: That the plaintiff was rendered unconscious for a short period of time after the accident; that she was still somewhat in that condition after being removed to an hospital; that she suffered a concussion of the brain; that she had a fractured nose; that there were somewhat deep lacerations across her nose and on her right cheek; that these lacerations left a permanent physical scar; that her nose is more or less permanently flattened; that she had a cut on her left knee which left a permanent scar; that

the injuries to the knee resulted somewhat in the stiffening of the same, and this condition existed at the time of the trial. There were also some general bruises on the body. It appears that the plaintiff complained of severe pain in the chest and neck for some weeks after the accident; that from the time of the accident up to the time of the trial the plaintiff suffered from dizziness and frequent headaches; also suffered severe nervous shock. There is also some testimony in the record that the plaintiff's sight in her right eye and hearing in her right ear were somewhat affected. The plaintiff was required to remain in the hospital for ten days. The doctor's services were estimated to be reasonably worth the sum of $175. Prior to the time of the accident the plaintiff was a strong, vigorous woman, in early middle life, able to do all necessary housework, and in addition frequently helped her husband in the field and in taking care of livestock; that after the accident she was unable to do any housework for some two months. The plaintiff also sustained an injury to one arm, and at the time of the trial had difficulty in raising her arm so as to place her hand on the back of her head.

That there was some conflicting testimony as to the extent of the injuries suffered by the plaintiff is immaterial. The trial court had the advantage of the presence of the witnesses, of judging of their credibility and determining the weight that should be given to the testimony presented, and if, in its judgment, the testimony showed that the plaintiff had been awarded inadequate damages, it was the duty of the court to grant a new trial, and unless it appears from the record that there has been an abuse of discretion, this court should affirm the order granting the plaintiff a new trial.

As to the sufficiency of the evidence to sustain a greater verdict, or to show that the court did not abuse its discretion in granting a new trial, it is only necessary for us to call attention to one or two of the injuries shown by the testimony to have been suffered by the plaintiff, to wit: That the plaintiff suffered a concussion of the brain, and that at the trial of the case she still complained of dizziness and frequent headaches. Concussion of the brain is a serious injury, and just what the consequences of such an injury may be are not matters of determination, but we may make the statement that concussion of the brain is an injury of such a degree that a few hundred dollars damages allowed as com-

pensation is wholly inadequate; likewise, lacerations and scars across the face are always a continuing injury to a sensitive woman.

The legal principles controlling the right of a trial court to grant a new trial on account of the inadequacy of the damages awarded are fully set forth in the case of *Peri* v. *Culley,* 119 Cal. App. 117 [6 Pac. (2d) 86], and the cases there cited, and we need only to call attention to the opinion in that case as determinative of every issue involved in this appeal. It is there upheld by the cases cited that unless there is a manifest abuse of legal discretion vested in the trial court, the order granting a new trial must be sustained; that the trial court has a duty of weighing the evidence, and if satisfied that the verdict is against the weight of the evidence, the verdict of the jury should be promptly set aside.

There being absolutely nothing in the record justifying the conclusion that the trial court has in any way abused its discretion, it follows that its order granting a new trial to the plaintiff in this action must be and the same is hereby affirmed.

Pullen, P. J., and Thompson J., concurred.