**UNITED STATES v. BETTIS et al.**

**No. 1217 O'C Civ.**

District Court, S. D. California, Central Division.

May 29, 1941.

---

Wm. Fleet Palmer, U. S. Atty., and James L. Crawford and John M. Gault, Asst. U. S. Attys., all of Los Angeles, Cal., for plaintiff.

Dale Norman and Thomas F. Murphine, both of Los Angeles, Cal., for defendants.

J. F. T. O'CONNOR, District Judge.

Can the United States recover money paid for the professional services of physician's, hospitalization, ambulance transportation, X-rays and medicines furnished to injured employee under the provisions of United States Employees' Compensation Act as contained in Title 5, sec. 751 to 833, U.S.C.A., after the injured employee has recovered a judgment in a tort action against the wrongdoer, without the United States having secured an assignment of the claim from the injured employee. This is the sole question in this action. Neither counsel for the United States nor counsel for the defendants has been able to find a case reported in the Federal courts which determines this question. Several decisions in the various state courts and one unreported decision by a United States District Court have been briefed and argued.

The question comes before this court with the facts stipulated. The defendant Charles P. Bettis, while an employee of the government on Works Progress Administration work at a monthly wage of $65.10, in the City of Los Angeles and State of California, on May 29, 1939, together with a companion worker, John Belcher, suffered an automobile accident while on the way to work. Said automobile accident was caused by the negligence of one Dorothy King In said accident John Belcher was instantly killed and Charles P. Bettis suffered injuries. The United States, out of the Employees' Compensation Fund, paid to the defendant Charles P. Bettis $468.29, and of this sum $294.69 was for the professional services of physicians, medical supplies, appliances, services, hospitals and transportation in connection with necessary medical services. At no time was the defendant required to assign his claim for injuries to the United States, and at no time was defendant required to prosecute an action against the wrongdoer, Dorothy King, or any other person to recover damages for his injuries; the defendant and his wife independently and of their own volition brought suit against said Dorothy King and were awarded by the jury a gross amount of $1,250 damages for said injuries. After deducting attorney fees and trial expenses the defendant Bettis received the sum of $679.13. Demand was made by the United States Employees' Compensation Commission for the total amount advanced by the Commission by right of subrogation and said sum was deposited in the Municipal Court of Los Angeles. The defendant Charles P. Bettis tendered to the Commission the sum of $173.60 on deposit in the Municipal Court as a return of the monies paid to the said Charles P. Bettis by way of compensation. Should the defendant Bettis be compelled to reimburse the Commission in addition to the compensation tendered the Commission in the sum of $294.69, being the amount of money which the Commission paid for services of physicians, hospitalization, supplies and medicines in connection with the injury?

We are confronted with an interpretation of Title 5, sec. 759, as amended June 26, 1926, c. 695, sec. 1, 44 Stat. 772: "For any injury sustained by an employee while in the performance of duty, whether or not

disability has arisen, the United States shall furnish to the employee all services, appliances, and supplies prescribed or recommended by duly qualified physicians which, in the opinion of the commission, are likely to cure or to give relief or to reduce the degree or the period of disability or to aid in lessening the amount of the monthly compensation. * * * For the securing of such services, appliances, and supplies, the employee may be furnished transportation, and may be paid all expenses incident to the securing of such services, appliances, and supplies, which, in the opinion of the commission, are necessary and reasonable. All such expenses when authorized or approved by the commission shall be paid from the employees' compensation fund. * * *"

Sec. 790, Title 5, U.S.C.A., defines compensation as follows: "The term 'compensation' includes the money allowance payable to an employee or his dependents and any other benefits paid for out of the compensation fund: Provided, however, That this shall not in any way reduce the amount of the monthly compensation payable in case of disability or death. As amended May 31, 1938, c. 293, 52 Stat. 586; Apr. 11, 1940, c. 79, § 1, 54 Stat. 105."

In several decisions of state courts the term "compensation" has been defined. These decisions are of assistance to this court.

Bruso's Case, 1936, 295 Mass. 531, 4 N.E.2d 308: The employee here received injuries arising out of the course of his employment, the legal liability therefor being with a third party who settled for $4,500. Some $1,200 had been expended in medical benefits. The issue in this case was whether or not such medical benefits were part of the compensation benefits to which the employee was entitled under the Workmen's Compensation Act so that the insurer would be entitled to recover the amount from the proceeds of the settlement with the third person.

Rugg, C. J. "A new decree is to be entered declaring that medical benefits furnished to the employee by the insurer in accordance with the Workmen's Compensation Act are a part of the compensation benefits to which the employee is entitled under the Workmen's Compensation Act, and that the insurer is entitled to recover out of the proceeds of the settlement with the third party the amount of its expenditures for such medical benefits." 4 N.E.2d at pages 309, 310.

Klotz v. Pfister & Vogel Leather Co., 1936, 220 Wis. 57, 264 N.W. 495: This case arose over the interpretation of the word "compensation" as used in the Wisconsin Workmen's Compensation Act, the controversy being over the sum of $386 medical and hospital bills. The injured employee settled his claim with the principal defendant for $2,750.

Martin, J. Under this act since the employer or compensation insurer who has paid "a lawful claim under this chapter" may maintain an action in tort against the third party, "this language makes it very clear that hospital, medical, and surgical bills are recoverable in a third party action." 264 N.W. at page 496. See also Slauson v. Standard Oil Co., D.C.Wis. 1939, 29 F.Supp. 497.

Haley v. Matthews, 1932, 104 Pa.Super. 313, 158 A. 645, 646: The sole issue in this case was whether or not an employer who claims the right of subrogation against the one who caused the injury to the employee may recover the sums expended for medical and hospital bills.

Baldrige, J. "The Legislature evidently intended that, where a third person is responsible for an injury to the employee, the employer, who has been subrogated to the employee's right, is substituted, not to a portion of, but to all, his rights, until he is reimbursed for whatever sums he was required to pay the employee under the Compensation Act. There appears to be no sound reason why an employer should be obliged to pay medical and hospital expenses, when he is in no way responsible for the injury, and the wrongdoer escape the liability therefor. The wrongdoer would thus profit at the expense of the employer. In an action at law, the wrongdoer would undoubtedly be liable for medical and hospital expenses—they are proper elements of damages. We are dealing with an equitable doctrine. It rests on the principle that, if one is compelled to pay money through another's neglect, a recovery may be had."

Pacific E. I. Co. v. Industrial Accident Commission, 1938, 10 Cal.2d 567, 75 P.2d 1058, 1062: The petitioner here seeks to annul an award of compensation made by the Industrial Accident Commission upon the ground that the employee was subject to the Workmen's Compensation Act of

Massachusetts, which was to have exclusive jurisdiction. The award of compensation was affirmed.

Edmonds, J. "The public, therefore, is vitally concerned to see that adequate medical care is furnished to those injured. Indeed, the constitutional amendment adopted in 1918 which vested the legislature with plenary power to create and enforce a complete system of workmen's compensation defines such a system as including 'full provision for such medical, surgical, hospital and other remedial treatment as is requisite to cure and relieve from the effects of such injury.' Art. 20, § 21. The Workmen's Compensation Law uses this same language in prescribing the medical and hospital treatment which an employer must furnish. Section 9(a) amended by St. 1929, p. 420. Even before these enactments this court recognized the important place medical care has in the administration of workmen's compensation when it said: 'Compensation means more than a mere cash payment to an individual. Compensation to employes for injuries incurred by them may fairly be said to mean, not only a money payment to the employe himself, but provision or indemnification for the various elements of loss which may be the direct result of his injury. It includes, for example the obligation to provide medical and surgical treatment (sec. 15, subd. a)—an obligation which does not necessarily involve payment in cash to the employe himself.' Western Metal Supply Co. v. Pillsbury, 172 Cal. 407, 156 P. 491, 494, Ann.Cas.1917E, 390.

"An award for medical expense cannot be made in favor of a physician in a proceeding to which the injured employee is not a party, Pacific Employers' Ins. Co. v. French, 212 Cal. 139, 298 P. 23, but a physician who has rendered medical aid to a compensable employee may maintain an application to recover the value of his services in a proceeding in which both the employer and employee are named as defendants. Such a physician is a party in interest because an effective administration of the Workmen's Compensation Act both assures and requires adequate medical care and treatment. This court has said: 'As a practical matter, injured employees as a class will receive better and more willing medical service if remuneration for such services from an employer or insurance carrier is assured to doctors and hospitals than if instances may arise in which,

if an employee neglects to file a claim for compensation, after the services have been rendered, such doctors and hospitals may be required to look only to the injured employee for compensation. It should be borne in mind that the medical, surgical, and hospital treatment which is intended to be assured to injured employees as one of the items of their compensation by the act, will be more certain to be furnished if doctors and hospitals are assured of certain remuneration for their services.' Independence Indemnity Co. v. Industrial Acc. Comm., 2 Cal.2d 397, 404, 41 P.2d 320, 323."

A comparison may be made to the analogous section of the California Workmen's Compensation Act which is found in Sec. 3852, Labor Code, covering the subrogation rights of the employer.

"§ 3852. Action against third persons; Right of employee and employer. The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation, may likewise make a claim or bring an action against such third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he was liable including all salary, wage, pension, or other emolument paid to the employee or to his dependents." Enacted, St.1937, p. 273.

Henry Steers, Inc., a Corporation v. Turner Construction Co., a Corporation, 104 N.J.L. 189, at page 197, 139 A. 42, 45: "I conclude, therefore, that the expense of medical and hospital services furnished by the employer to the employee is comprehended within the 'total compensation payments,' which, under section 23(f) [N. J.S.A. 34:15–40], a third party * * * is to reimburse to the injured person's employer. * * *"

The only decision rendered by a Federal Court is a memorandum opinion by District Judge Benjamin F. Bledsoe in the case of United States of America v. Baxter M. Steffner, No. 16747 in the Southern Division of the United States District Court for the Northern District of California, Second Division, on August 9, 1923, as follows:

"I believe in the first place, from a consideration of this Federal Compensation Act in its entirety, that anything that

might be paid to or for one who is injured while in the employ of the Government, by the Government, either directly or indirectly, should be classed as compensation. In other words the Government undertakes, in the event one of its employees is injured, to repair and rehabilitate that individual and to compensate him for the time lost—not to be full measure of his agreed salary or wages, but to compensate him in such a way as to ease the burden upon him and to enable him to recover from his temporary disability, if it be but temporary. In that behalf, I am persuaded that money paid out by the Government as for hospital services and supplies and medical attention falls clearly within the meaning of compensation as that term is used. The term 'compensation' is not defined, but the whole theory and structure of the Act, to my mind, indicates that payments made by the Government looking to the rehabilitation of the individual, whether it be for part salary to enable him to live, or medical attendance to enable him to get well, fall clearly within the general term 'compensation', and that is borne out by the language of Section 2 [5 U.S.C.A. § 752], to which attention has been called, to the effect that under certain specified circumstances, the claimant shall not be entitled to compensation except as provided in Section 9 [5 U.S.C.A. § 759]. And Section 9 does provide for the payment by the Government of hospital services and medical attendance; plainly the inference is that that is to be included as compensation.

"And it is also clear from the provisions of Sections 26 and 27 [5 U.S.C.A. §§ 776, 777] that the Government, in its own name, in the first instance, is entitled to sue the one or ones liable for the injury actually caused, and recover from the one whose negligence may have occasioned the injury giving rise to payment and compensation. And being authorized in the first instance and as a condition precedent to the paying of the compensation to bring such suit, it is authorized to settle same, and then it is authorized, under the statute, to pay to itself all that it may have paid out and then to give the balance over to the defendant, the injured person, for his own use and benefit.

\* \* \* \* \* \* \*

"So I am persuaded that if it be made to appear that the injured person has recovered, from the person responsible for his injuries, compensation for his losses during the time in which he was incapacitated from earning anything, he should repay to the Government such money as was paid to him in consequence of the selfsame losses; and if he recovered from the one responsible for his injuries, special damages, such as hospital services or medical attendance, for which the Government had theretofore paid, then of course, he should repay to the Government that which he had received in virtue of those particular features of his damage."

Title 5, Chapter 15, § 776, U.S.C.A., provides that if legal liability rests upon some person other than the United States to pay damages therefor, the Commission may require the beneficiary to assign to the United States any right of action he may have to enforce such liability of such other person or any right which he may have to share in any money or other property received in satisfaction of such liability of such other person, or the Commission may require said beneficiary to prosecute said action in his own name, and if the beneficiary refuses to assign or prosecute, he shall be denied compensation, and the Statute further provides for the disposition of monies received by the Commission. September 7, 1916, c. 458, sec. 26, 39 Stat. 747.

Section 777 of the same title and chapter provides for the disposition of funds received by the employee as follows:

"If an injury or death for which compensation is payable under this chapter is caused under circumstances creating a legal liability in some person other than the United States to pay damages therefor, and a beneficiary entitled to compensation from the United States for such injury or death receives, as a result of a suit brought by him or on his behalf, or as a result of a settlement made by him or on his behalf, any money or other property in satisfaction of the liability of such other person, such beneficiary shall, after deducting the costs of suit and a reasonable attorney's fee, apply the money or other property so received in the following manner:

"(A) If his compensation has been paid in whole or in part, he shall refund to the United States the amount of compensation which has been paid by the United States and credit any surplus upon future payments of compensation payable to him on account of the same injury. Any amount so refunded to the United States shall be

placed to the credit of the employees' compensation fund.

"(B) If no compensation has been paid to him by the United States, he shall credit the money or other property so received upon any compensation payable to him by the United States on account of the same injury."

In the statutes just referred to, the word "compensation" must be interpreted as defined in section 790, supra, and means "money" allowance "payable to an employee or his dependents and *any other benefits paid for out of the compensation fund * * *.*"* (Italics ours.) It will be noted that compensation includes not only benefits paid directly to the employee, but any other benefits paid for out of the compensation fund which means for his benefit. Certainly the monies paid out of the compensation fund for medical services and hospital, X-rays, and such other items as are included in the stipulation as medical services were for the benefit of the defendant Bettis. If the United States recovered any sum of money under section 776, supra, certainly any sums advanced for medical care, attention and hospitalization would first be deducted before the money in its hands would be applied as provided in section 776. Therefore, the same rule must apply to monies received by the employee under section 777. Because the Commission did not require an assignment of defendant's rights against third parties, it cannot be said that the commission waived its right to recover the sums of money advanced for the benefit of the employee for medical care and attention.

It is stipulated by the parties to this action that the defendant and his wife instituted action against Dorothy King for the injuries sustained by defendant and a jury returned a verdict in the sum of $1,-250 as damages; that out of said sum defendant received a net sum of $679.13. The negligence of wrongdoer Dorothy King having been established, it is reasonable to assume that such damages included not only compensation for pain and suffering, but also for medical treatment, hospital accounts, X-rays, and the usual and necessary incidentals in connection with medical attention and hospitalization in such instances. Therefore, to allow the defendant to retain such sums as were awarded by the jury for the items

mentioned, and to also compel the United States to pay for these same items, would permit the defendant to collect a double amount. The California Labor Code, section 3207, Div. 4, St.1937, p. 266, defines "compensation" as follows: " 'Compensation' means compensation under Division IV and includes every benefit or payment conferred by Division IV upon an injured employee, or in the event of his death, upon his dependents, without regard to negligence."

In the case of Jacobsen v. Industrial Accident Commission, 212 Cal. 440, 299 P. 66, it states the rule that the employee must not receive double payment. This opinion reviews the California Workmen's Compensation Act. See also Western Metal Supply Co. v. Pillsbury, 172 Cal. 407, 156 P. 491, Ann.Cas.1917E, 390.

In the case of Bige v. Industrial Acc. Comm., 105 Cal.App. 210, 287 P. 577, the appellant had been furnished a surgical operation for the radical cure of hernia. The court said: "By the terms of subsection (3) of section 3 and subsection (a) of section 9 of the Workmen's Compensation, Insurance and Safety Act, compensation to an insured employee, includes surgical and hospital treatment. It is therefore manifest that the applicant received *some* compensation. 27 Cal.Jur. 526; citing Union Iron Works v. Industrial Acc. Comm., 190 Cal. 33, 210 P. 410."

The following California cases are cited to show that as to the question of right of employer or insurance carrier to be reimbursed the term "compensation" includes medical, surgical, hospital treatment, as well as indemnity as in all of these cases the employer or insurance carrier had paid or furnished medical and hospital services: County of San Bernardino v. Industrial Acc. Comm. et al., 217 Cal. 618, 622, 625, 626, 20 P.2d 673; Pacific Gas & Elec. Co. v. Industrial Acc. Comm. et al., 8 Cal.App.2d 499, 47 P.2d 783; Josephine Fitzgerald v. John E. Quinn, 131 Cal.App. 457, 460, 462, 21 P.2d 656; Ruby Canvin v. General Brewing Corp., 20 Cal.App.2d 49, 55, 66 P.2d 691.

Also the definition of "compensation" is given in Vol. 1, Campbell's Workmen's Compensation, p. 68, sec. 87, in which it is stated: " 'Compensation' means all benefits accruing under the Act." And in the same volume, page 640, section 717, it is

stated that compensation includes medical treatment, "The term 'compensation' as used in the Act includes medical treatment as well as indemnity."

Notwithstanding the fact that the United States Employees' Compensation Commission has paid medical and hospital bills for an injured employee in an action by the employee against the wrongdoer, the courts have permitted a recovery against the wrongdoer for the amounts paid. The employee, prior to instituting action against the wrongdoer, had assigned to the United States Employees' Compensation Commission, under the provisions of Title 5, sections 776 and 777 of the U.S.C.A., such sums as he might recover in said action as would be necessary to repay the amount advanced by the Commission for paying medical and hospital bills. Dempster Mill Mfg. Co. v. Wiley et al., Tex.Civ.App., 131 S.W.2d 257.

The defendant relies principally upon the decision in the case of Drake v. New York State Electric & Gas Corporation, 162 Misc. 167, 294 N.Y.S. 227, 229, decided March 3, 1937, opinion by Justice Personius. In that case the court said: "The employee is under no obligation to make refund for medical, surgical, and hospital services. Such items having been paid in the first instance by the United States and there being no obligation to make refund, the plaintiff has not suffered any loss or damage in this respect, therefore, he is not entitled to recover the same and the allegations of the answer constitute a proper partial defense."

This court is unable to follow the opinion of Justice Personius, which is directly contrary to the conclusions herein reached.

 The defendant, in his answer, attempted to set up a counterclaim against the United States demanding that he be allowed certain credits. In the judgment of the court this is improper. United States v. Shaw, Adm'r, De Bonis Non, 309 U.S. 495, page 503, 60 S.Ct. 659, 84 L.Ed. 888.

Judgment will be entered for the plaintiff, United States of America, and findings of fact and conclusions of law will be prepared by counsel for plaintiff in accordance with this opinion.