## UNITED STATES v. CRYSTAL.

Civil No. 4511.

District Court, N. D. Ohio, W. D.

June 3, 1941.

Gerald P. Openlander, of Toledo, Ohio, for the United States.

Samuel Z. Kaplan, of Toledo, Ohio, for defendant.

Findings of Fact.

PICARD, District Judge.

Defendant sustained an injury while employed by the Works Progress Administration when he was struck by an automobile operated by one Reuben Whitmire. The Federal Compensation Commission thereafter paid him compensation under the Federal Employees' Compensation Act from January 27, 1939, to April 15, 1939, in the total sum of $106.20. In addition, the Commission paid out $272.50 for hospital and medical expenses on his behalf.

Defendant presented a claim for damages against said Reuben Whitmire, which claim was settled for $1,500. Thereupon the Commission requested that it be reimbursed for the compensation paid defendant and for the money paid by it for hospital and medical expenses on his behalf. Defendant reimbursed the Commission for the compen-

sation he received but has refused to reimburse it the money paid for hospital and medical care, claiming that this sum is not due and owing to the Commission.

It also appears that before settlement was made, plaintiff and defendant entered into a contract by which defendant agreed to reimburse plaintiff government not only for compensation which it had paid direct to him but also for the medical, surgical, and hospital bills. Defendant's counsel pleaded that such contract was void for lack of consideration. We discuss this more fully in the conclusions of law.

### Conclusions of Law.

The only question in this case is whether under Section 27 of the Compensation Act, 5 U.S.C.A. § 777, medical, surgical, and hospital bills are "compensation" within subsection (A) thereof. Plaintiff government claims the affirmative. Defendant the negative.

Defendant reasons:

First, that since the act provides for compensation, 5 U.S.C.A. § 751, to be paid the beneficiary in the event of injury to, or death of the employee, and in an entirely different section, 5 U.S.C.A. § 759, provides that the United States "shall furnish to such employee reasonable medical, surgical, and hospital services and supplies", that from this fact alone counsel argues that if Congress had intended the word "compensation" to cover only one kind of payment, it would not have separated compensation to the individual and compensation in the way of medical, surgical, and hospital service in the two different sections as above indicated.

Applying this reasoning, defendant's second ground advanced is that the further intent of Congress can be arrived at by analyzation of Title 5 U.S.C.A. § 776, covering claims assigned to the United States by the injured employee when injury is caused by the legal negligence of a third party. When there has been such assignment the United States has the right to proceed against that third party and the significant part of that section, according to defendant, is the following: "and if the commission realizes upon such cause of action, it shall apply the money or other property so received in the following manner: *After deducting the amount of any compensation already paid to the beneficiary* and the expense of such realization or collection, * * * the surplus, if any, shall be *paid to the beneficiary* * * *"* (italics ours).

From the above language defendant insists that Congress clearly intended that the government under any and all circumstances was to furnish medical, surgical, and hospital care and that if it got any money from a third party it could only deduct from that amount whatever moneys it may have paid to the injured employee in the way of "compensation" *to him* and not for any other expenses.

This theory of defendant would be sound were it not for four things:

First, actual practice in negligence suits and settlement thereof. By that the court means this—that when a prospective defendant or his insurance company is approached in a tort action and either suit is instituted or settlement is made, the declaration and bill of particulars always includes particulars of the damages resulting from the negligence as it affects the individual personally and in addition for whatever expenses in the way of medical, surgical, and hospital bills he may have suffered. In any settlement following, the doctor bills, both past and future, are always considered. Now in this connection it must be remembered that Title 5, U.S.C.A. § 776 gives the United States the right to proceed against the third party on "any right of action he (injured employee) may have to enforce such liability of such other person or any right which he may have to share in any money or other property received in satisfaction of such liability of such other person." (parentheses ours). It is apparent to us that Congress intended to put the United States government in the same position that the injured employee would be and it would be obtuse for the government to start action to collect damages in the way of medical, surgical, and hospital bills if it had to turn that money over to the injured employee, who in the first place never paid any medical, surgical, or hospital bills.

The second reason is that Title 5, U.S.C.A. § 790, defines the term "compensation" as follows: "includes the money allowance payable to an employee or his dependents *and any other benefits* paid for out of the compensation fund" (italics ours). It will be noted that compensation is not limited to what the employee receives, but what is paid out of the compensation fund and this includes surgical, medical and hospital bills. There is no doubt that compensation, as defined in the act, was intended to cover everything that the gov-

222

ernment had paid out, not only what the employee had received.

 The third reason is that when we examine Title 5, U.S.C.A. § 777, subsection (A), it is worded as follows: "If his compensation has been paid in whole or in part, he shall refund to the United States the amount of compensation which has been paid by the United States." We must take these words as they are and give to them a common sense interpretation. We are concerned here, not with Section 776 of the Act on which defendant's counsel bases his conclusions because there has been no assignment, but a settlement; and settlement comes under Section 777. To get the meaning of the word "compensation" therefore, as used therein, we can go to no source other than Section 790, which we have discussed above and which contains the act's own definition. On the other hand, if defendant's contention is correct, Congress would have changed the above part of the quotation "which has been paid by the United States" to read "which has been paid *to him* by the United States."

The fourth reason is that directly after the accident, defendant made a contract with the government by which he agreed that in the event of a settlement he would reimburse the government for whatever compensation he received and for his "surgical, medical, and hospital bills". Defendant contends there was no consideration for this contract and that it is therefore void. The government was willing that the court should not decide the case on the validity of the contract alone. We do not pass upon whether the contract is good, but we doubt that anyone representing the sovereign government can forfeit completely a right given it by contract. However, we cite the contract to show, and only to show, the interpretation placed upon the act by the defendant and his attorney before there had been a settlement. Defendant was not misled and no injustice was done.

We are mindful, in this decision, of Drake v. New York State Electric & Gas Corp., *162 Misc. 167, 294 N.Y.S. 227, 229,* and that under similar circumstances that court stated: "The employee is under no obligation to make refund for medical, surgical, and hospital services." The exact question we have here does not seem to have been before that court and the bald statement that the employee is under no obligation to make refund may also be made here; but in any event, the government was not a party to that suit and it does not appear that there was full discussion on the question.

This court cannot bring itself to believe that Congress ever intended, while always protecting the government employee so far as medical, surgical, and hospital bills are concerned, to make that part of the act a sword in the hands of the employee to get not only compensation for his injury but additional sums to which he would be entitled only by a strained interpretation of the act.

We therefore hold for plaintiff.