[Civ. No. 14628.   First Dist., Div. Two.   June 25, 1951.]

VIVIENNE QUIRK, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

James C. Purcell for Appellant.

Dion R. Holm, City Attorney, and Joseph F. Murphy, Deputy City Attorney, for Respondent.

NOURSE, P. J.—Plaintiff sued for personal injuries incurred while riding as a passenger on a streetcar. The cause was tried to a jury and plaintiff had a verdict for $500. She appeals on two grounds—inadequacy of the damages awarded, and errors in instructions.

The plaintiff testified that, as she was riding on one of defendant's streetcars she notified the conductor of her desire to alight at the next stop and that, as she stepped from the floor of the car down to the rear platform, the car gave a sharp jerk causing her to strike her knee against one of the stanchions. She was pregnant at the time and testified that the injury caused premature birth of her child. Contrary evidence was offered showing that no such accident occurred, and medical testimony was given, by both her attending physicians and those called by defendant, showing that the alleged accident had no effect upon her pregnancy

or in the premature birth. The doctor attending at the birth certified: ''Pregnancy complications—None; Labor complications—None.'' The child was born prematurely on February 2d and the mother returned to her home on February 7th. A medical expert testified that the plaintiff had theretofore been treated for hyperthyroidism and that the premature birth was not caused by the accident. Though the child was born prematurely it was in good health as was the mother at the time of the trial.

From this evidence the jury presumably found that there was no causal connection between the knee injury and the incidents of childbirth and awarded a verdict to cover the former only. It must be conceded that the evidence supported that finding. There is no merit in appellant's argument that the damages were inadequate because the patient showed no objective symptoms of knee injury after a few weeks and the jury could have concluded that the injury to the knee was a minor bruise which was quickly cured by other minor treatments. When an appeal is based on the ground that the verdict is inadequate (as where it is claimed to be excessive) a reviewing court may not reverse unless it appears that ''[I]t is so grossly disproportionate to any reasonable view of the evidence as to raise a strong presumption that it is based upon prejudice or passion.'' (*Koyer* v. *McComber*, 12 Cal.2d 175, 182 [82 P.2d 941].)

Appellant complains that no charge on the subject of contributory negligence should have been given because contributory negligence was not proved; also that one charge on that subject was erroneous. There was some slight evidence of contributory negligence in that it appeared that plaintiff endeavored to alight from the car when it was in motion and without using the safeguards maintained for that purpose. It was a defense, however meagerly proved, but a defense on which defendant was entitled to go to the jury.

The objectionable instruction on this subject reads: ''If you should find from the evidence in this case that Mrs. Quirk was a passenger of a street car operated by the defendant City and County of San Francisco at the time of the accident, then I instruct you that the *plaintiff* was required to exercise the highest degree of care for her transportation *and is responsible for injuries received by her* while in the course of transportation which might have been avoided by the exercise of such care. As the law is otherwise expressed, *carriers of passengers bind themselves* to carry safely those

whom they admit as passengers into their street cars, as far as human care and foresight will go, and they are responsible for any negligence, even the slightest.'' (Italics ours.)

The instruction is palpably erroneous in the use of the word ''plaintiff'' instead of ''defendant'' as to the ''exercise of the highest degree of care.'' Whether the error in the use of the word plaintiff instead of defendant was prejudicial presents the debatable question. Since the jury rendered a verdict for $500 in damages for the injury it must be assumed that it found her not guilty of contributory negligence and hence that it was not misled by this error in the instruction. This is so because if she were guilty of contributory negligence she would not have been entitled to any damages, either general or special.

However, the record does not permit a technical analysis of the instruction. It covers the rule of res ipsa loquitur— manifestly adverse to the defendant. And the record does not show that it was not proposed in writing by plaintiff and so read to the jury, whether the error was in the judge's reading, or in the reporter's transcription. ▮ It is settled law that when an appellant fails to show by the record how the error occurred it will be presumed that the instruction complained of was given at his request. (*Buckley* v. *Shell Chemical Co.,* 32 Cal.App.2d 209, 216 [89 P.2d 453]; *Deevy* v. *Tassi,* 21 Cal.2d 109, 124 [130 P.2d 389]. In the Buckley case the court said: (pp. 216, 217) ''Neither does the record suggest that any instruction was given by the trial judge on his own motion. Under such a state of the record it is held that 'on appeal and in support of the judgment, it will be assumed that if any one of the instructions was erroneous that it was given at the request of the defendants.' (Appellants here.) (*Fitzgerald* v. *Quinn,* 131 Cal.App. 457 [21 P.2d 656].) ▮ 'It is the settled law of this state that no one may claim the trial court erred in giving an instruction which such person requested and that one who claims error must produce a record which shows error.' (*Craig* v. *Boyes,* 123 Cal.App. 592 [11 P.2d 673].)

''As it cannot be determined from the record that the challenged instructions were either requested by defendants, or that any of them were given by the trial judge on his own motion, we cannot presume error that the record does not disclose.''

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.