[Civ. No. 18252. First Dist., Div. Two. May 6, 1959.]

GERTRUDE BARNETT, Appellant, v. WILLIAM E. KEILIG, Respondent.

*Assigned by Chairman of Judicial Council.

Barnett & Robertson for Appellant.

Pelton, Gunther, Durney & Gudmundson for Respondent.

O'DONNELL, J. pro tem.*—This is an action for damages for personal injuries sustained by plaintiff when she was struck by defendant's automobile while walking across a street intersection in the city of San Francisco. The jury returned a verdict in plaintiff's favor in the sum of $1,500. After judgment was entered on the verdict, plaintiff moved for a new trial on the ground, among others, of the insufficiency of the evidence to justify the verdict. The trial judge denied the motion and this appeal from the judgment ensued.

*Assigned by Chairman of Judicial Council.

■ Plaintiff's sole contention on this appeal is that the verdict of the jury is so grossly inadequate as to require reversal of the judgment. We shall briefly review the evidence relevant to that contention.

Following the accident, plaintiff was hospitalized for two weeks. Thereafter, she was confined to her bed in her home, in the care of a practical nurse, for about a month. Dr. Leeds, who had been plaintiff's physician for some years and who had ministered to her following the accident, diagnosed plaintiff's injuries as follows: A subcutaneous hematoma on the back of the head; bruises on the elbow and buttock; an abrasion of the knee; and, cerebral concussion. Plaintiff also testified that she has been nervous and emotionally upset ever since the accident.

The hematoma cleared within five days of the accident. The bruises and abrasions were completely gone in two weeks' time. Dr. Leeds testified that his diagnosis of cerebral concussion was predicated on plaintiff's statement to him that she had been rendered unconscious by the impact of the automobile. However, there was testimony of a witness to the accident that plaintiff never lost consciousness. Moreover, Dr. Lawrence Custer, called as a witness by defendant, testified that a cerebral concussion, as distinguished from a cerebral contusion and cerebral laceration, does not result in damage to the brain. His examination of plaintiff revealed no brain damage. Dr. Knox Finley, also called by defendant, testified he examined plaintiff and he found no evidence of damage to the skull, brain, or nervous system. With respect to plaintiff's nervous and emotional condition, her medical history prior to the date of the accident, as revealed both from the testimony of Dr. Leeds and from hospital records, discloses that such condition has existed as far back as the year 1944. While plaintiff's nervous condition was undoubtedly aggravated by the experience of being knocked to the pavement by an automobile, still, the jury might have concluded that the aggravated condition was transient. Dr. Leeds testified on cross-examination that plaintiff's present nervous and emotionally upset condition might well date back many years.

From the foregoing summary of the evidence it seems quite clear that the jury, whose function it was to weigh the evidence, might well have concluded that plaintiff's injuries were of a minor nature and assessed damages accordingly. ■ The verdict of the jury will not be disturbed on appeal, of course, if there is any substantial evidence to support it. (4 Cal.Jur. 2d, p. 485.) ■ Also, "It is well settled that a motion for a

new trial on the ground of insufficiency of the evidence to justify the verdict appeals peculiarly to the discretion of the trial court, and its order refusing a new trial will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion." (*Whyatt* v. *Kukura,* 157 Cal.App.2d 803, 804 [321 P.2d 860].) And abuse of discretion in denying a motion for new trial on the ground of the inadequacy or excessiveness of damages is not shown unless it appears that the verdict is the result of passion or prejudice. (*State Rubbish etc. Assn.* v. *Siliznoff,* 38 Cal.2d 330 [240 P.2d 282] ; *Quirk* v. *City & County of San Francisco,* 105 Cal.App.2d 85 [232 P.2d 893].)

Appellant cites four decisions which she contends to be supportive of her position that the inadequacy of the award here made requires reversal of the judgment. Those cases are: *Belyew* v. *United Parcel Service,* 49 Cal.App.2d 516 [122 P.2d 73] ; *Reilley* v. *McIntire,* 29 Cal.App.2d 559 [85 P.2d 169] ; *Cunha* v. *Lewis,* 31 Cal.App.2d 1 [76 P.2d 1198] ; and *Sanford* v. *Wilcox,* 13 Cal.App.2d 193 [56 P.2d 548]. Those cases all present the converse of the situation presented here. In each of them the trial court had *granted* a motion for new trial based on the inadequacy of the award. In each of them the appellate court simply held that the order granting a new trial would not be disturbed on appeal unless it appeared that the trial court abused its discretion in determining that the damages awarded were inadequate.

 Plaintiff's special damages were somewhere between $640 and $880, there being a dispute between the parties as to a $240 item plaintiff claims to have expended for drugs. Even assuming that the jury accepted the higher amount of $880, still we cannot say, as a matter of law, that the gross award of $1,500 in the instant case does not find substantial support in the evidence, nor that it resulted from passion or prejudice of the jury.

The judgment is affirmed.

Dooling, Acting P. J., and Draper, J., concurred.