Klotz, Appellant, vs. Pfister & Vogel Leather Company and another, Defendants: Employers Mutual Liability Insurance Company, Respondent.

*December 3, 1935—January 7, 1936.*

58

*Michael Levin* of Milwaukee, for the appellant.

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Lawson Adams* and *Kenneth P.*

*Grubb* of counsel, all of Milwaukee, and oral argument by *Mr. Grubb.*

MARTIN, J. The controversy here arises as to the correct interpretation .of sec.' 102.29, Stats. 1931. The appellant contends that' the term "compensation," as used in the statute, means the wage loss sustained, and that it does not include payments made by the respondent for hospital, medical, and surgical services. Respondent claims that it is entitled to the three items it has paid, to wit, $518 in compensation, $159 to physicians and surgeons for medical bills, and $227.40 to hospitals, amounting, in all, to $904.40, the amount for which the trial court gave judgment.

Sub. (2), sec. 102.29, Stats. 1931, provides:

"(2) An employer or compensation insurer who shall have paid a lawful claim under this chapter for the injury or death of an employee shall have a right to maintain an action in tort against any other party responsible for such injury or death. If reasonable notice and opportunity to be represented in such action by counsel shall have been given to the compensation beneficiary, the liability of such other party to such compensation beneficiary shall be determined in such action as well as his liability to the employer and insurer. If recovery shall be had against such other party, by suit or otherwise, the compensation beneficiary shall be entitled to any amount recovered over and above the amount that the employer and insurer have paid or are liable for in compensation, after deducting reasonable costs of collection, and in no event shall the compensation beneficiary be entitled to less than one third of the amount recovered from the third party, less the reasonable costs of collection. Settlement of such claims and the distribution of the proceeds therefrom must have the approval of a court or of the industrial commission."

Does the word "compensation," as used in the statute above quoted, mean "wage loss sustained?" It will be noted that the first sentence provides that the employer or com-

pensation insurer who has paid "a lawful claim under this chapter" may maintain an action in tort against the third party. This language makes it very clear that hospital, medical, and surgical bills are recoverable in a third-party action. They are a lawful claim under the chapter. In sub. (2), sec. 102.01, Stats. 1931, compensation is defined as "workmen's compensation," and in sub. (1) of said section, workmen's compensation is defined to include "allowances, recoveries and liabilities under or pursuant to this act."

The material parts of secs. 102.29 (1) (a) and (b), Stats. 1931, provide:

"(a) . . . They [employer or insurance carrier] shall be entitled to repayment of the amount paid by them as compensation as a first claim upon the net proceeds of such action (deducting the reasonable costs of collection) in excess of one third of such net proceeds, which shall be paid to the employee in all cases.

"(b) . . . Any amount recovered by the injured employee or his dependents from a third party shall be applied as follows: Reasonable costs of collection shall be deducted; then one third of the remainder shall in every case belong to the injured employee or his dependents, as the case may be; the remainder or so much thereof as is necessary to discharge in equal amount the liability of the employer and the insurer for compensation shall be paid to such employer or insurer; and any excess shall belong to the injured employee or his dependents."

The specific point raised by the appellant has not been directly passed upon by this court, possibly due to the clearness of the statutes here involved. However, this court has held that funeral expenses are compensation in the sense that a cause of action to recover them belongs to the employer. Certainly, if funeral expenses are recoverable by the employer in a third-party action, hospital and medical expenditures are. *Clark v. Chicago, M., St. P. & P. R. Co.* 214 Wis. 295, 304, 252 N. W. 685; *Sandeen v. Willow River Power Co.* 214 Wis. 166, 184, 252 N. W. 706; *Verhelst*

*Construction Co. v. Galles,* 204 Wis. 96, 102, 235 N. W. 556.

Under sec. 102.42, Stats. 1931, under the heading "Incidental compensation," it is made the duty of the employer to supply medical, surgical, and hospital treatment, medicines, medical, and surgical supplies, etc. We entertain no doubt that medical expenses such as the items here in question are included in the term "compensation" as used in sec. 102.29, Stats. 1931. The distribution contemplated shall be as follows : (a) From the proceeds of the settlement in the instant case, there should first be deducted the reasonable cost of collection, concerning which item there appears to be no dispute; (b) of the balance, that is, after deducting the collection fee, one third goes to the employee; (c) the balance remaining goes to the respondent to the extent of its claim in the sum of $904.40, being the amount for which respondent was given judgment in the court below; and (d) the excess belongs to the appellant. The judgment must be affirmed.

*By the Court.*—Judgment affirmed.