FRED W. BRUSO'S CASE.

Worcester.    September 21, 1936. — October 28, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act*, Amount of compensation, Medical benefits, Division of money received from third person.

Medical benefits furnished by the insurer under G. L. (Ter. Ed.) c. 152, § 30, are part of the employee's compensation, and the insurer is entitled to retain the amount of expenditures for such benefits out of the proceeds of a settlement with a third party under § 15.

CERTIFICATION to the Superior Court under the workmen's compensation act of a decision by the Industrial Accident Board.

The case was heard by *Broadhurst*, J., who entered a decree that the insurer was not entitled to retain, out of a settlement under G. L. (Ter. Ed.) c. 152, § 15, the amount expended by it for medical benefits. The insurer appealed.

*M. J. Aldrich & E. W. Sawyer*, for the insurer, submitted a brief.

No argument nor brief for the claimant.

RUGG, C.J. The employee received injuries arising out of and in the course of his employment as shown by an agreement between the employee and the insurer approved by the Industrial Accident Board. Payment of compensation and of medical benefits was begun and was continuing at the time of the hearing. The injuries were caused under circumstances creating a legal liability in some person other than the insured to pay damages therefor. The insurer sought approval by the board of a petition for leave to settle by agreement with the third person causing the injuries in the amount of $4,500. G. L. (Ter. Ed.) c. 152, § 15. The employee assented to the amount of the settlement. The Industrial Accident Board found that the employee had been paid compensation at total and partial rates since the date of his injury, and that the insurer con-

tinued to be obligated to pay such compensation in accordance with the terms of the workmen's compensation act, "which terms provide a possible maximum payment by the insurer of $4,500 in incapacity compensation and an indeterminate sum as medical benefits. The insurer has already expended in furnishing medical benefits to the employee the sum of $1,264.33, and has paid in compensation $1,700." The board ruled that "medical benefits" thus paid in conformity to the act "are a part of the compensation paid to the employee and that the insurer consequently is entitled to recover out of the proceeds of the third party settlement the amount of its expenditures for such medical benefits." The motion of the insurer for approval of the settlement in the amount of $4,500 with the third person liable for the injuries to the employee was approved by the Industrial Accident Board subject to the findings made and already recited in substance. In the Superior Court a decree was entered stating the facts as to payments by the insurer heretofore narrated, about which there appears to be no controversy, but declaring that "medical benefits furnished to the employee by the" insurer in accordance with the workmen's compensation act "are not a part of the compensation benefits to which the employee is entitled" under the act, and that the insurer "is not entitled to recover out of the proceeds of the third party settlement the amount of its expenditures for such medical benefits." The insurer appealed from that decree. The only issue argued is whether such medical benefits are part of the compensation benefits to which the employee is entitled under the workmen's compensation act, so that the insurer is entitled to recover the amount from the proceeds of the settlement with the third person.

This question was decided in *Panasuk's Case*, 217 Mass. 589. It was there held that the provisions now embodied in G. L. (Ter. Ed.) c. 152, § 30, requiring the insurer to furnish "adequate and reasonable medical and hospital services, and medicines if needed, together with the expenses necessarily incidental to such services," constituted such services part of the compensation to which the injured em-

ployee was entitled. There is no occasion to modify that decision. *Wahlberg* v. *Bowen,* 229 Mass. 335, 337. It is supported in principle by *Vatalaro* v. *Thomas,* 262 Mass. 383, and *Jordan* v. *Orcutt,* 279 Mass. 413, 416.

The provisions of G. L. (Ter. Ed.) c. 152, § 15, allowing an insurer which has paid compensation to an employee injured by the tortious conduct of some third person other than the employer, to enforce the liability of such third person, fix the proportions of the amount recovered to be paid to the employee and to be retained by the insurer. When such an employee accepts compensation under the act, he waives all right of action against such third person. *Whalen* v. *Athol Manuf. Co.* 242 Mass. 547, 548–549.

The decree entered in the Superior Court is reversed. A new decree is to be entered declaring that medical benefits furnished to the employee by the insurer in accordance with the workmen's compensation act are a part of the compensation benefits to which the employee is entitled under the workmen's compensation act, and that the insurer is entitled to recover out of the proceeds of the settlement with the third party the amount of its expenditures for such medical benefits. Other parts of the final decree entered present no errors of law but possibly may require modification due to the lapse of time. The details are to be settled in the Superior Court.

*So ordered.*