MICHIGAN BOILER & SHEET IRON WORKS, *for use and benefit of* AMERICAN MUTUAL LIABILITY CO., *v.* DRESSLER.

1. Statutes—Constitutional Law—Object Expressed in Title.
   Constitutional requirement that no law shall embrace more than one object, which shall be expressed in its title, is met if an act centers to one main general object or purpose which the title comprehensively declares, though in general terms, and if the provisions in the body of the act not directly mentioned in the title are germane, auxiliary or incidental to that general purpose (Const. 1908, art. 5, § 21).

2. Workmen's Compensation—Indemnification of Employer for Claim by Contractor's or Subcontractor's Employee—Constitutional Law—Title of Act.
   Provision of workmen's compensation act providing for indemnification of employer, who had paid compensation for injury

to or death of employee of contractor or subcontractor not subject to act, *held,* germane to object announced in the title to the act, especially to portion declaratory of fact that it related "to the liability of employers for injuries or death sustained by their employees" (Const. 1908, art. 5, § 21; 2 Comp. Laws 1929, § 8416).

3. SAME—PARTIES—REAL PARTY IN INTEREST—STATUTES.

Claim that plaintiff employer whose insurer paid claim for workmen's compensation because of death of employee of defendant subcontractor who was not subject to the workmen's compensation act was not a proper party plaintiff within meaning of statute requiring real party in interest to sue *held,* without merit where workmen's compensation act expressly vests cause of action in the employer and provides a choice of methods by which compensation for which employer accepting act may be liable may be paid and enumerating insurance against liability in any employer's liability company authorized to do business in this State (Comp. Laws 1929, §§ 8416, 8460, 14010).

4. SAME—CONTRACTOR'S INDEMNIFICATION OF PRINCIPAL—PAYMENT OF COMPENSATION—INSURANCE.

In action by employer, for use and benefit of its carrier of workmen's compensation insurance, against subcontractor not subject to the workmen's compensation act for indemnification as to compensation paid for death of one of subcontractor's employees, plaintiff need not show that he physically paid the compensation, especially where act expressly vests employer with such cause of action and also provides that he be given a choice of methods, including purchase of insurance policy for compensation risks, by which any compensation for which he may be liable may be paid by him (2 Comp. Laws 1929, §§ 8416, 8460).

5. SAME—ACCEPTANCE OF ACT—INSURANCE.

If employer, in accepting provisions of workmen's compensation act, elects to insure against the liability in any company authorized to take such risks, the insurance policy must contain a provision binding the insurer to pay all compensation for which the insured may become liable under the provisions of the act and an award binds both the insured and the insurer in proceedings in which both participated (2 Comp. Laws 1929, § 8460).

6. SAME—PAYMENT OF COMPENSATION BY INSURER EQUIVALENT TO PAYMENT BY EMPLOYER.

Payment by insurer under workmen's compensation act *held*, equivalent to payment by employer, plaintiff, in action for use and benefit of insurer against contractor not subject to act for death of whose employee plaintiff's insurer had paid workmen's compensation and seeks indemnification (2 Comp. Laws 1929, § 8416).

7. SAME—INDEMNIFICATION OF EMPLOYER BY CONTRACTOR—PAYMENT BY INSURER.

In cause of action, vested in employer, against contractor for death of whose employee plaintiff had paid compensation and now seeks indemnification, defendant cannot be concerned because plaintiff's insurer is beneficially interested in and will eventually receive sum recovered as defendant's liability will be discharged by satisfaction of the judgment obtained, as payment by the insurer, under such circumstances, is equivalent to payment by the employer (2 Comp. Laws 1929, § 8416).

8. PARTIES—HOLDER OF RIGHT OF ACTION MAY SUE IN OWN NAME—RECOVERY.

A person who is vested with a right of action on a given cause of action may sue upon it in his own name although the whole beneficial interest is in another; recovery depending on proof of the legal plaintiff's claim and right to its fruits being a matter which rests between the legal and equitable plaintiffs to be determined, if necessary, by the courts and is a matter which in no way concerns the defendant.

9. SAME—USE PLAINTIFF—SURPLUSAGE—REAL PARTY IN INTEREST.

Right of action for indemnification for payment of workmen's compensation for death of defendant contractor's employee, being vested in employer as the principal, the naming of the use plaintiff becomes immaterial and can be disregarded as surplusage; such statutory right of action being unaffected by the general provision of the judicature act requiring prosecution of an action by the real party in interest (Comp. Laws 1929, §§ 8416, 14010).

10. WORKMEN'S COMPENSATION—INDEMNIFICATION OF PRINCIPAL BY CONTRACTOR—ASSUMPSIT A PROPER FORM OF ACTION.

Recovery of amount for which a contractor who is not subject to the workmen's compensation act is liable for indemnification of his principal for sums paid by latter for workmen's

compensation to contractor's employees and their dependents, which liability is created by statute, in effect an implied promise that contractor will indemnify the principal for sums paid by the latter, is properly had in an action of assumpsit although statute fails to state specific form of action (2 Comp. Laws 1929, § 8416).

11. Same—Election—Common-Law Defenses.

An employer who does not elect to become subject to the workmen's compensation act loses certain common-law defenses (2 Comp. Laws 1929, § 8407).

12. Same—Formal Election to Become Subject to Act—Contracts—Indemnification of Principal.

Contractor who voluntarily accepted contract to perform work under circumstances which subjected him to liability to indemnify principal for sums latter paid out in workmen's compensation for injuries to or death of former's employees *held*, subject thereto notwithstanding such contractor had made no formal election to become subject to act (2 Comp. Laws 1929, §§ 8411, 8412, 8416).

13. Same—Funeral Expenses—Indemnification of Employer by Contractor.

Funeral expenses, paid by principal's insurer pursuant to award of department of labor and industry for death of defendant contractor's employee, *held*, recoverable as compensation in action of assumpsit by principal against contractor (2 Comp. Laws 1929, § 8416).

Appeal from Wayne; Campbell (Allan), J. Submitted October 12, 1938. (Docket No. 24, Calendar No. 39,876.) Decided November 10, 1938.

Assumpsit by Michigan Boiler & Sheet Iron Works, a Michigan corporation, for the use and benefit of American Mutual Liability Company, a foreign corporation, against Sam Dressler, doing business as Sam Dressler & Company, for reimbursement for sums paid for funeral expenses under order of Department of Labor and Industry. Judgment for plaintiff. Defendant appeals. Affirmed.

*Alexander, McCaslin & Cholette,* for plaintiff.

*George T. Cartwright,* for defendant.

Chandler, J. Plaintiff, the Michigan Boiler & Sheet Iron Works, on October 30, 1935, contracted to perform certain work for the Chrysler Motor Corporation. It subcontracted one phase of the work to defendant, Sam Dressler. While performing the subcontract, one Paul H. Mackin, an employee of defendant, was accidentally killed. His funeral expenses were paid by relatives, who in turn instituted proceedings before the department of labor and industry for reimbursement from plaintiff, and its insurer, the American Mutual Liability Company, resulting in an award in their favor which was paid by the insurance carrier.

Plaintiff, for the use and benefit of the American Mutual Liability Company, then brought this suit in assumpsit against the defendant to recover the sum so paid under the provisions of 2 Comp. Laws 1929, § 8416 (Stat. Ann. § 17.150). Judgment was for plaintiff, and defendant takes this appeal.

Examination of decisions from other jurisdictions has been of little aid in passing upon the questions raised by defendant on this appeal, due to the varying provisions of the statutes upon which those decisions are based, many containing no provision comparable to the one involved in this case, which provides:

"(a) Where any employer subject to the provisions of this act (in this section referred to as the principal), contracts with any other person (in this section referred to as the contractor), who is not subject to this act and who does not become subject to this act prior to the date of the accidental injury or death for which claim is made for the execution

by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed: Provided, That the term 'contractor' shall be deemed to include subcontractors in all cases where the principal gives permission that the work or any part thereof be performed under subcontract;

"(b) Where the principal is liable to pay compensation under this section, he shall be entitled to be indemnified by the contractor or subcontractor as the case may be, but the employee shall not be entitled to recover at common law against the contractor or any other person for any damages arising from such injury if he takes compensation from such principal. The principal, in case he pays compensation to the employee of such contractor, may recover the amount so paid in an action against such contractor." 2 Comp. Laws 1929, § 8416 (Stat. Ann. § 17.150.)

Defendant first claims that 2 Comp. Laws 1929, § 8416(b), is violative of Constitution of 1908, art. 5, § 21, in that the title of the act is not sufficiently broad to include the provision providing for indemnification of the principal by the contractor or subcontractor for sums paid as compensation as a result of injury or death to an employee of the contractor or subcontractor, as the case may be.

The title of the workmen's compensation act (Act No. 10, Pub. Acts 1912 [1st Ex. Sess.], as amended [2 Comp. Laws 1929, § 8407 *et seq.*, Stat. Ann. § 17.141 *et seq.*]) reads as follows:

"An act to promote the welfare of the people of this State, relating to the liability of employers for injuries or death sustained by their employees, providing compensation for the accidental injury to or death of employees and methods for the payment of the same, establishing an industrial accident board,* defining its powers, providing for a review of its awards, making an appropriation to carry out the provisions of this act, and restricting the right to compensation or damages in such cases to such as are provided by this act."

The objection mentioned must fail "if the act centers to one main general object or purpose which the title comprehensively declares, though in general terms, and if provisions in the body of the act not directly mentioned in the title are germane, auxiliary, or incidental to that general purpose." *Loomis* v. *Rogers,* 197 Mich. 265. See, also, *Regents of University of Michigan* v. *Pray,* 264 Mich. 693; *Young* v. *City of Ann Arbor,* 267 Mich. 241; *People* v. *Carroll,* 274 Mich. 451; *People* v. *Sowall,* 279 Mich. 261.

Clearly, the provision of section 8416, attacked by defendant, is specifically embraced within or at least incidental to that portion of the title which declares the act to relate "to the liability of employers for injuries or death sustained by their employees." It is immaterial that the exact nature of defendant's liability under the section in question is not set forth

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).—Reporter.

in the title with meticulous detail. The provision is germane to the objects announced in the title and is within the scope thereof.

A somewhat analogous situation was presented when it was claimed that 2 Comp. Laws 1929, § 8454 (Stat. Ann. § 17.189), subrogating the employer who had paid compensation to an injured employee to the rights of such employee against a negligent third party causing the injury, was unconstitutional as not being within the scope of the title of the act. This proposition was also found to be erroneous. *Macklin* v. *Detroit-Timkin Axle Co.,* 187 Mich. 8; *Golden & Boter Transfer Co.* v. *Brown & Sehler Co.,* 209 Mich. 503.

Defendant next submits that even if subdivision (b) of section 8416 is constitutional, it does not permit the principal to maintain a suit in its name on behalf of the insurance carrier, where the compensation paid was paid by the insurer and not by the insured. Defendant bases this argument upon 3 Comp. Laws 1929, § 14010 (Stat. Ann. § 27.654), which provides in part:

"Every action shall be prosecuted in the name of the real party in interest, but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party expressly authorized by statute, may sue in his own name without joining with him the party for whose benefit the action is brought."

The point is without merit. The statute expressly vests the principal with a cause of action to recover sums paid as compensation to an injured employee of a contractor who has not accepted the provisions of the compensation act. It is true that section 8416 (b) provides that the principal, "in case *he pays*

compensation to the employee of such contractor, may recover the amount so paid in an action against the contractor." But we hold, contrary to defendant's claim, that the principal need not show that he physically paid the compensation to the injured employee in order to permit him to maintain his action for its recovery from the contractor. By another section of the workmen's compensation act (2 Comp. Laws 1929, § 8460 [Stat. Ann. § 17.195]), one accepting the provisions of said act is given a choice of methods by which any compensation for which he may be liable may be paid by him. One method of payment enumerated is by insuring against the liability in any employer's liability company authorized to take such risks in this State. The same section provides that every policy of insurance issued shall contain a provision binding the insurer to pay all compensation for which the insured may become liable under the provisions of the act. And an award binds both the insured and the insurer, in proceedings in which both participated. *Lumbermen's Mutual Casualty Co.* v. *Bissell,* 220 Mich. 352 (28 A. L. R. 874); *Wisconsin Michigan Power Co.* v. *General Casualty & Surety Co.,* 252 Mich. 331 (76 A. L. R. 1).

In the instant case, plaintiff elected to pay compensation by insuring with the American Mutual Liability Company. The latter became bound to pay the compensation due in accordance with the award, and payment of said compensation by it was equivalent to payment by the plaintiff. The cause of action was vested in plaintiff to recover sums paid by him as compensation, and defendant cannot be concerned because the insurer is beneficially interested in or will eventually receive the sum recovered by plaintiff, as his liability will be discharged by satisfaction of the judgment obtained.

"The person who is vested with a right of action on a given cause of action may sue upon it in his own name, although the whole beneficial interest is in another. 47 C. J. p. 24. Recovery depends on proof of the legal plaintiff's claim and the right to its fruits is a matter resting between the legal and equitable plaintiffs, to be determined, if necessary, by the court; and this in no way concerns the defendant. *Sentinel Printing Co.* v. *Long,* 28 Pa. Super. 608." *Stephenson* v. *Golden,* 279 Mich. 710, 766.

The right of action being vested in plaintiff as the principal, the naming of the use plaintiff becomes immaterial and can be disregarded as surplusage.

In holding that this action is properly brought under the express provisions of section 8416(b), we do not mean to infer that the holding of this court in *Michigan Employer's Casualty Co.* v. *Doucette,* 218 Mich. 363, relative to the application of 3 Comp. Laws 1929, § 14010 (Stat. Ann. § 27.654), to the compensation act, particularly part 3, § 15 thereof (2 Comp. Laws 1929, § 8454; Stat. Ann. § 17.189), has been disturbed. The instant suit was properly instituted and is unaffected by the general provision of the judicature act.

Defendant's third point concerns the form of action. He contends that a tort action is contemplated, not an action in assumpsit, and that he stands in the same position as a negligent third party whose negligence is responsible for an injury to an employee for which an employer must pay compensation. Section 8454, 2 Comp. Laws 1929 (Stat. Ann. § 17.189), provides that the employer may be subrogated to the rights of the injured employee against the negligent third party if the employee elects to take compensation from his employer. The situations are not parallel, however, as defendant, as the employer, cannot be considered as

a third party as to his employee within the meaning of said section 8454. See *Bross* v. *City of Detroit,* 262 Mich. 447. Moreover, defendant's liability under section 8416 arises independently of any negligent act performed by him. The liability is created by statute, the result of which in effect creates an implied promise that the contractor, who is not subject to the provisions of the compensation act, will indemnify the principal for sums paid by the latter in compliance with subdivision (a) of said section 8416. Although subdivision (b) of the section does not state the specific form of action which shall be instituted by the principal against the contractor, we hold assumpsit to be the proper form. See *Bath* v. *Freeport,* 5 Mass. 325.

In this State, an employer has an election as to whether he shall become subject to the provisions of the workmen's compensation act. 2 Comp. Laws 1929, § 8411 (Stat. Ann. § 17.145). If he does not elect to become subject thereto, he loses certain common-law defenses. 2 Comp. Laws 1929, § 8407 (Stat. Ann. § 17.141). Defendant submits that if plaintiff can maintain this action, the effect thereof is to subject him to the provisions of the act although he has made no election to be liable thereunder. Assuming defendant's claims in this particular to be true, no provision of constitutional or other law has been brought to our attention which is claimed to be violated. In any event, defendant's argument is fallacious in that it assumes that a compulsory liability is imposed upon him. It is true that he has made no formal election to become generally subject to the act in the manner provided by 2 Comp. Laws 1929, § 8412 (Stat. Ann. § 17.146). He did, nevertheless, accept a contract to perform work under circumstances creating his liability under one section of the statute. His acceptance of the con-

tract was voluntary, not compulsory, and was accompanied by the burden imposed by the section of the act in question, which was likewise voluntarily assumed as an incident to entering into this particular contractual relation.

Defendant finally contends that funeral expenses are not compensation and that therefore they cannot be recovered in this action. Under statutes in effect in other jurisdictions, hospital, medical, and surgical bills have been held to be ''compensation,'' recoverable in a suit by an employer against a negligent third party who has injured an employee. *Klotz* v. *Pfister & Vogel Leather Co.,* 220 Wis. 57 (264 N. W. 495) ; *Bruso's Case,* — Mass. — (4 N. E. [2d] 308). We believe it to have been the legislative intent that funeral expenses should be recoverable as ''compensation'' in this particular instance.

Judgment affirmed, with costs to plaintiff.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., did not sit.