UNITED STATES FIDELITY & GUARANTY CO. *v.* UNION RY. CO.

(*Nashville,* December Term, 1944.)

Opinion filed May 5, 1945.

Rehearing denied June 9, 1945.

CHARLES L. NEELY and O. W. WELLS, both of Memphis, for plaintiff in error United States Fidelity & Guaranty Co.

CANADA, RUSSELL & TURNER, of Memphis, for defendant in error Union Ry. Co.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The question presented on this appeal in error is this: Does the subrogation right conferred by our compensation statutes on the employer to recover from a third party for injuries inflicted on an employee include sums expended for medical aid and hospitalization? The trial court answered in the negative.

The issues involved are thus fairly stated on the brief of the defendant in error:

"The plaintiff in error, United States Fidelity & Guaranty Company, was the workmen's compensation insurance carrier for D. Canale & Company, who was the employer of Frank Lobianco. Lobianco was injured as the proximate result of a negligent act on the part of the defendant in error, Union Railway Company, and under such circumstances as to be entitled to medical and hospital expenses from his employer and the plaintiff, as the insurance carrier under the provisions of Section 6875 of the Tennessee Code of 1932 as amended, and to compensation in some amount under the provisions of the Workmen's Compensation Law.

"Medical and hospital expenses were paid for Lobianco by the plaintiff in the amount of $95.75, but Lobianco refused any actual compensation and instead made claim against the defendant for damages because his injuries were the result of proximate negligence on the part of the defendant.

"The defendant settled this claim with Lobianco for the sum of $350.00, but refused to reimburse the plaintiff

for the amount of medical and hospital expenses it had paid for Lobianco. The present suit followed.

"The position of the defendant is simply that under our statutes and the construction thereof by this court, the employer and its insurance carrier [whose rights and liabilities are the same, *Irwin* v. *Fulton Sylphon Co.*, 179 Tenn. 347, 166 S. W. (2d) 610] are not entitled to recover medical and hospital expenses from the negligent third party where the injured employee has refused to accept compensation as such."

The trial court rendered judgment for the defendant. The "statutes" involved are sections of the Workmen's Compensation Act, brought into the Code in Sections 6865 and 6875, as amended; and the "construction" is that assumed to have been given these provisions by this Court in *City of Nashville* v. *Latham*, 160 Tenn. 581, 28 S. W. (2d) 46, 47.

The amount involved is not large, but the question is of importance and has not been heretofore directly decided by this Court. The sole question ruled on in *City of Nashville* v. *Latham*, as emphasized in the opinion, was whether or not the injured employee had exercised an election to proceed against his employer for compensation which precluded his right of action against a third party for damages, by his acceptance of medical and hospitalization services furnished by his employer, pursuant to compulsory provisions of the compensation act.

The holdings of this Court in *City of Nashville* v. *Latham*, reversing the Court of Appeals, was that "the acceptance of temporary aid from his employer should not be construed as an election to take under the Compensation Act, unless such was his manifest intention."

As supporting this view the opinion notes the compulsory nature of the requirement that (1) the employer

shall furnish, and (2) the employee shall accept this emergency temporary service. This is obviously inconsistent with any theory of election and no other reason for the holding needed to be given. However, the opinion does *arguendo* define the term "compensation," *when the term is used in connection with the matter of election of the two remedies of an injured employee,* and rejects its inclusion of these benefits.

The instant case presents a wholly different issue from that in *City of Nashville* v. *Latham.* No election is involved and neither the holding nor the reasoning of that case is controlling.

The argument is that the statute confers the right of subrogation on the employer for "compensation" paid, or for which liability exists, and since "compensation," as defined in *City of Nashville* v. *Latham,* does not include medical and hospital benefits, the subrogation rights conferred do not include this class of benefits.

It does not follow that, because the legislature did not intend the term "compensation" to embrace medical and hospital benefits when employed in declaring what shall constitute an election by the employee, it was not the intention that it be given a broader and more comprehensive meaning when used in other connections. Our language is replete with words and phrases dependent on their context for their instant meaning, having under varying conditions sometimes wholly diverse meaning.

For example, the word "capital" is used sometimes to describe a seat of government, as the "capital city;" again, to denote an accumulated fund, or an aggregation of resources; and yet again, in the phrase "a capital speech." "Lookout" is used as an exclamation of warning, or to denote a *place* of observation, or a *person* en-

gaged in watching. Other illustrations could be given without number.

So here, in common, every day use, and also in legal parlance "compensation" connotes broadly remuneration, satisfaction for an outlay, or loss suffered. And, looking to the use of the term generally in other sections of our Workmen's Compensation Law, it is quite apparently the intention to include all the benefits secured to the employee by this law. For example, Code, Section 6868, provides that "all rights of compensation granted by this chapter" should have priority against the assets of the employer. It would not be contended that, if an employer should fail in business and had not complied with the law in payment of both (1) expenses incident to medical service and hospitalization, and (2) the computed periodical sums owing, both unsatisfied claims would be entitled to priority. So of Section 6869, providing for exemption from execution. Likewise, see Section 6870, providing that "when an accident happens while the employee is elsewhere than in this state . . . the employee or his dependents shall be entitled to compensation under this chapter," etc.

Beyond question the term "compensation" as here used includes medical and hospitalization benefits. So we think there can be little doubt that where, by Section 6865, it is provided that "the employer having paid the compensation or having become liable therefor, may collect . . . in a suit brought for the purpose, from the other person against whom legal liability for damages exists, the indemnity paid or payable to the injured employee," the obvious intention was to include sums which the employer is required to pay in discharge of the obligation created by the compensation law for medical services and hospitalization. Applying the rule of reason,

quite commonly the ultimate test,—of which Lord Coke said, "The law is unknown to him who knoweth not the reason thereof,"—we can conceive of no reason why the wrongdoer, who has inflicted the injury which fastens upon the employer a financial expenditure for both classes of benefits to the injured employee alike, should be relieved of liability for the one and not for the other. The loss of his time and capacity to work and the expense of medical attention and hospitalization are well recognized elements of the damages one injured may recover from a wrongdoer responsible for his injury.

Learned counsel for defendant in error frankly concede that "in a number of other jurisdictions the courts have reached a different result" from that reached by the trial court in the instant case, and say that "counsel have cited many such cases in their brief." Counsel for defendant in error then comment:

"We shall not attempt to discuss the question in the light of those cases for the reason that they simply represent a view contrary to that expressed in our statute and in the opinions of this court. If this court had not already construed the language of our statute so as to decide this question, these cases might conceivably be authority for counsel's position, but they have no force in view of this court's opinion in the case of *City of Nashville* v. *Latham, supra.*"

We have examined some of the numerous cases cited by counsel for plaintiff in error. It is true that certain of these decisions deal with statutes differing from ours in material respects and are not of determinative value here. The text book cited, Schneider's Workmen's Compensation, states the general rule to be, without qualification, that the employer may recover from the third wrongdoer party for medical expenses incurred . But,

the writer cites only a New York case, and upon examination we find that this decision (and others in that state) construes language of the New York statute, not in our own.

However, the courts of a number of states having statutes not differing from ours, in any material respect, hold to the rule as stated by Schneider and of which we have above indicated approval; and we have found no holding to the contrary. Among these are the courts of New Jersey, Pennsylvania, Massachusetts, Georgia and Missouri: *Haley, to Use of, v. Matthews,* 104 Pa. Super. 313, 158 A. 645; *Smith v. Yellow Cab Co.,* 288 Pa. 85, 135 A. 858; *Henry Steers, Inc., v. Turner Const. Co.,* 104 N. J. L. 189, 139 A. 42; *McKenzie v. Missouri Stables,* 225 Mo. App. 64, 34 S. W. (2d) 136; *Bruso's Case,* 295 Mass. 531, 4 N. E. (2d) 309; *Western Union Tel. Co. v. Smith,* 50 Ga. App. 585, 178 S. E. 472. (The language of the last-cited case is adopted by Words & Phrases as a definition of "compensation." 8 Words and Phrases, Perm. Ed., page 196).

The constitutionality of the provision granting subrogation rights to the employer was upheld in *American Mut. Liability Ins. Co. v. Otis Elevator Co.,* 160 Tenn. 248, 23 S. W. (2d) 245. In the course of that opinion (160 Tenn. page 255, 23 S. W. (2d) 247) it was declared that the measure of the liability which the employer, or his insurer may collect from the third party wrongdoer "is the right of the injured person (employee) to damages under the general law of torts." In other words, to quote further, "in an action brought by or for the employer, under section 14 [now Code Sec. 6865], therefore, the legal liability of the defendant and the measure of damages are the same as if the action had been brought by the injured employee,"—within the limits of the em-

ployer's liability for compensation. And in concluding this broad and pertinent language is used (160 Tenn. page 256, 23 S. W. (2d) 248):

"The fact of his liability to pay compensation is a sufficient basis for the right conferred upon the employer to prosecute the employee's right of action for damages. A wrongdoer who has rendered himself liable in damages has no just cause for complaint that the right to enforce his liability is conferred upon one who affords relief to the injured person or his dependents under the provisions of the compensation statute."

One who has supplied and paid for medical aid and hospital care would seem to come well within the class described.

The judgment is reversed and a decree will be entered here for plaintiff in error.