DORNBOS v. BLOCH & GUGGENHEIMER, INC.

1. WORKMEN'S COMPENSATION—PURPOSE OF ACT.
   The primary purpose of the workmen's compensation act, as stated in its title, is to provide "compensation for the disability or death resulting from occupational injuries or disease or accidental injury to or death of employees" and, in effect, to impose the payment of such compensation by the employers as a charge upon industry (CL 1948, § 411.1 *et seq.*).

2. SAME—DEFINITION OF "COMPENSATION"—MEDICAL, SURGICAL AND HOSPITAL SERVICES—STATUTE OF LIMITATIONS.
   The "compensation" provided in the workmen's compensation act, in its broader sense, is not only the award in lieu of prospective earnings which the employee loses in consequence of his

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation, §§ 2, 4.
[2] 58 Am Jur, Workmen's Compensation, §§ 327, 328, 380, 409.

injury but includes what may be termed "sick benefits," such as medical, surgical and hospital services, for a limited period after the injury and the term is so used in section prescribing time within which a claim for compensation must be filed by an injured employee (PA 1912 [1st Ex Sess], No 12, pt 2, §§ 4, 15, as amended by PA 1943, No 245).

BOYLES, C. J., and REID and NORTH, JJ., dissenting.

Appeal from Workmen's Compensation Commission. Submitted October 5, 1949. (Docket No. 24, Calendar No. 44,382.) Decided January 9, 1950.

Isbran Dornbos presented his claim for compensation for injuries suffered when in the employ of Bloch & Guggenheimer, Inc., employer, and Employers Mutual Liability Insurance Company, insurer. Award of medical, surgical and hospital expenses to plaintiff. Defendants appeal. Reversed and remanded.

*Thomas R. McAllister (Marcus, Kelman & Loria,* of counsel), for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin,* for defendants.

CARR, J. The plaintiff herein, while working in the employ of the defendant Bloch & Guggenheimer, Inc., sustained an injury to his right knee, due to the slipping and falling of a hammer that he was using. The accident, which happened in the month of January, 1945, was reported to the employer. Plaintiff lost no time from his employment as a result of the injury, and has been paid his regular wages since. He experienced some difficulty with the knee and consulted physicians with reference to it, but did not, within a period of 2 years following the injury, make demand for the payment of compensation by the employer.

On or about the 23d of April, 1948, plaintiff filed with the workmen's compensation commission of the State* an application for hearing and adjustment of claim under the provisions of the workmen's compensation law, PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 *et seq.* [Stat Ann § 17.141 *et seq.*]). Such application was on the usual form prescribed by the commission and asked that plaintiff be granted "such relief as he is entitled to under the workmen's compensation law of Michigan." Defendants by answer denied liability, asserting as one of their defenses that the claim for compensation was not made within the period prescribed by the statute.

The deputy commissioner before whom the matter was heard denied an award, finding that plaintiff had lost no time in his employment and that his claim had not been seasonably made. On appeal, the compensation commission agreed with the conclusion of the deputy that plaintiff was not entitled to compensation for loss of wages, but held that the failure to make the claim within 2 years after the date of the injury was not a bar to plaintiff's right to seek an award for medical, surgical, and hospital services, under the provisions of part 2, § 4, of the workmen's compensation act. The findings of the commission were summarized in the following statement in its opinion:

"We find that the plaintiff sustained an accidental personal injury arising out of and in the course of his employment by Bloch & Guggenheimer, Inc., in the latter part of January, 1945. We further find the employer had notice of the injury within the statutory period and that a report of the injury to the commission was not required. We further find that plaintiff is barred from weekly compensation for failure to make a demand for compensation with-

---

* See PA 1947, No 357 (CL 1948, § 408.1 *et seq.* [Stat Ann 1947 Cum Supp § 17.6 (1) *et seq.*]).

in 2 years from the date of the injury. We further find that plaintiff is entitled to an additional 6 months of medical, surgical and hospital care for the injury he sustained."

An award was made in accordance with the opinion filed, and defendants, on leave granted, have appealed. It is their claim that the commission was in error in holding that the failure to make the claim within the period of 2 years from and after the date of the injury did not bar plaintiff's right to an award for medical and surgical services. It is insisted that such an award constitutes "compensation" within the meaning of the term as used in part 2, § 15, of the workmen's compensation act which, as amended by PA 1943, No. 245 (CL 1948, § 412.15 [Stat Ann 1949 Cum Supp § 17.165]), reads in part as follows:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within 3 months after the happening thereof, and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing, shall have been made within 6 months after the occurrence of the same; or, in case of the death of the employee, within 6 months after said death; or, in the event of his physical or mental incapacity, within the first 6 months during which the injured employee is not physically or mentally incapacitated from making a claim: Provided, however, That in all cases in which the employer has been given notice of the injury, or has notice or knowledge of the same within 3 months after the happening thereof, but the actual injury, disability or incapacity does not develop or make itself apparent within 6 months after the happening of the injury, but does develop and make itself apparent at some date subsequent to 6 months after the happening of the same, claim for compensation may be made within 3 months after the actual injury, disability or incapacity devel-

ops or makes itself apparent to the injured employee, but no such claim shall be valid or effectual for any purpose unless made within 2 years from the date the personal injury was sustained."

Part 2, § 4, of the act, on which the compensation commission based its award, as amended by PA 1943, No 245, provides that:

"The employer shall furnish, or cause to be furnished, reasonable medical, surgical and hospital services and medicines when they are needed, for the first 6 months after the injury and thereafter for not more than an additional 6 months in the discretion of the commission, upon written request of the employee to the commission and after the employer or his insurer has been given an opportunity to file objections thereto and to be heard thereon." --

The section was further amended by PA 1945, No 325, and by PA 1949, No 238, but we are not concerned in this case with said amendments. The question at issue is whether an award made under the statute for hospital and medical services is actually one for "compensation" as the term is used in the statute of limitations in part 2, § 15, above quoted.

It may be noted that part 2 of the act, in which the statutory provisions involved in the instant controversy are found, is captioned "compensation." Reference to the title of the workmen's compensation law indicates that its primary purpose is "providing compensation for the disability or death resulting from occupational injuries or disease or accidental injury to or death of employees." Such purpose was further suggested by the short title "The workmen's compensation act," as authorized by part 1, § 2 (CL 1948, § 411.2 [Stat Ann 1949 Cum Supp § 17.142]).

The language of part 3, § 14 (CL 1948, § 413.14 [Stat Ann 1949 Cum Supp § 17.188]) is also significant as indicating the legislative intent with re-

spect to the scope of the term "compensation." It is therein provided:

"If payment of compensation is made (other than medical expenses) and an application for further compensation is later filed with the commission, no compensation shall be awarded by the commission for any period which is more than 1 year prior to the date of the filing of such application."

The language quoted in effect embodies a declaration that medical expense is a form of compensation within the meaning of the act.

The next ensuing section (CL 1948, § 413.15 [Stat Ann § 17.189]) relates to the right of an employer who has paid compensation to proceed against a third party liable for the injury suffered by the employee. Said section, which has not been amended since its enactment in 1912, reads as follows:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages, or against the employer for compensation under this act, but not against both, and if compensation be paid under this act the employer may enforce for his benefit or for that of the insurance company carrying such risk, or the commissioner of insurance, as the case may be, the liability of such other person."

The section quoted was before this Court in *Grand Rapids Lumber Co.* v. *Blair,* 190 Mich 518. There an award including medical attendance, hospital and other necessary expenses, had been made to an injured employee and paid by the employer, who later brought suit claiming liability under the statute on the part of defendants as receivers of the Pere Marquette Railroad Company. The validity of the sec-

tion of the statute quoted was upheld, and it was further said that (p 528):

"Proof of the amount of compensation the employer paid the workman under the act, either by agreement of the parties, approved by the board,* or by order of the board * under and as provided for in the act, is *prima facie* evidence of plaintiff's damages."

Apparently the assumption that the portion of the award consisting of hospital and medical expenses was compensation under the statute was not specifically challenged. However, in *Michigan Boiler & Sheet Iron Works, for use and benefit of American Mutual Liability Co.,* v. *Dressler,* 286 Mich 502, the question was squarely raised whether funeral expenses, payment of which was ordered by an award of the department of labor and industry and paid by the insurance carrier, could be recovered in an action against a subcontractor by an employer subject to the act. Said action was based on CL 1929, § 8416 (Stat Ann § 17.150) which section has since been amended by PA 1943, No 245.† Under said section the right of recovery was predicated on the payment of "compensation" by the plaintiff. In determining the matter it was said:

"Defendant finally contends that funeral expenses are not compensation and that therefore they cannot be recovered in this action. Under statutes in effect in other jurisdictions, hospital, medical, and surgical bills have been held to be 'compensation,' recoverable in a suit by an employer against a negligent third party who has injured an employee. *Klotz* v. *Pfister & Vogel Leather Co.,* 220 Wis 57

---

* The powers and duties of the industrial accident board, here referred to, are now vested in the workmen's compensation commission, see CL 1948, § 408.1 *et seq.* (Stat Ann 1949 Cum Supp § 17.6 [1] *et seq.*).—REPORTER.

† CL 1948, § 411.10 (Stat Ann 1949 Cum Supp § 17.150).—REPORTER.

(264 NW 495); *Bruso's Case,* 295 Mass 531 (4 NE2d 308). We believe it to have been the legislative intent that funeral expenses should be recoverable as 'compensation' in this particular instance."

In *Bruso's Case,* 295 Mass 531 (4 NE2d 308), cited by the court in the excerpt from the opinion above quoted, the question involved was whether "medical benefits are part of the compensation benefits to which the employee is entitled under the workmen's compensation act, so that the insurer is entitled to recover the amount from the proceeds of the settlement with the third person." In determining the matter the court followed the decision in *Panasuk's Case,* 217 Mass 589 (105 NE 368), where it was held that a statutory provision requiring an insurer to furnish reasonable medical and hospital services constituted expenses incurred for such services a part of the compensation to which the injured employee was entitled. Of like import is the Wisconsin decision cited by the Court in the *Dressler Case, supra.*

In *Munson* v. *Christie,* 270 Mich 94, the question at issue was whether a dependent, following the death of an injured employee, was entitled to institute a proceeding before the department of labor and industry under the workmen's compensation law for the purpose of enforcing the employer's statutory liability for hospital and medical services during the 90-day period succeeding the injury to the employee. The statutory provision in force at the time (CL 1929, § 8420 * [Stat Ann § 17.154]) limited the right to the period indicated. Part 2, § 1, required that an employee subject to the act who had received a personal injury arising out of or in the course of his employment by an employer, likewise

* CL 1929, § 8420, as amended by PA 1943, No 245 and PA 1945, No 325, is now CL 1948, § 412.4.—REPORTER.

subject, should be paid compensation in accordance with subsequent provisions of part 2, or in case of death resulting from the injury "such compensation" should be paid to his dependents. In sustaining an award covering hospital and medical expenses, it was said in part:

"The·workmen's compensation act by legislative fiat fixes the rights and liabilities of employers and injured employees and provides a means or forum for determining such rights and liabilities in cases of controversy between employers and injured employees or their dependents. The primary purpose of this legislation is to secure to the injured employee, and in the event of his death resulting from such injury, to his dependents, compensation which the legislature believed should be a charge upon the industry and made payable through the employer. The 'compensation' provided for the employee and his dependents is not·only the award in lieu of prospective earnings which the employee loses in consequence of his injury, but 'compensation' in its broader sense, as used in this statute, includes what may be termed sick benefits for the 90-day period next ensuing the accident and 'in addition' it includes in the event of his death as a result of the injury, the expense of his last sickness and burial, this latter item being limited to $200. These provisions for his care during the first 90 days and for the expense of last sickness and burial are clearly compensation to the employee and his dependents in that they are thereby saved from and compensated for the burden and expense to which they or some of them presumably would otherwise be subjected. While it is true that in some instances in the workmen's compensation act the expression 'compensation' is not used in this broad sense and that the respective phases of compensation are specifically referred to in other terms, still, consideration of the act as a whole, leads to the conclusion that in order to carry out the legislative intent and to prop-

erly construe the act, 'compensation' recoverable by the employee and his dependents must usually be understood in its broader sense."

In *Currier Lumber Company, for use and benefit of Fidelity & Casualty Company of New York,* v. *Van Every,* 312 Mich 375, plaintiff and defendant had entered into a contract for the hauling of cement blocks. Defendant's employee was injured while carrying on the work, and plaintiff was required to pay compensation based thereon, the award including an allowance for medical expenses in the sum of $195.73. Plaintiff brought suit against defendant under the provisions of the statute hereinbefore referred to (CL 1929, § 8416 [Stat Ann § 17.150]) and recovered judgment in the trial court for the amount paid. On appeal the judgment was affirmed by this Court. No claim was made in the case that the award for medical and hospital expenses was not compensation within the meaning of the term as used in the statute on which the action was based.

In *Gower* v. *Department of Conservation,* 317 Mich 333, this Court reversed an award of compensation by the department of labor and industry on the grounds that notice of the injury had not been given to the employer as required by part 2, § 15, of the workmen's compensation law, above quoted, and that the record did not contain any competent evidence that the employer had knowledge within the specified 3-months period that plaintiff's decedent had suffered a compensable injury. The award contained an allowance in the sum of $300 for funeral expenses. The precise nature of such portion of the amount allowed plaintiff by the department was not specifically discussed. It was apparently assumed that it was, as declared in *Michigan Boiler & Sheet Iron Works, for use and benefit of American Mutual*

*Liability Co.,* v. *Dressler, supra,* "compensation" within the meaning of the term as used in the pertinent provision of the statute. If failure to give notice to the employer within the prescribed 3-months period bars an award for funeral expenses, the conclusion would seem to follow logically that such failure, or the failure to make claim within the prescribed time, likewise constitutes a bar to an award for hospital and medical expenses. If funeral expenses are "compensation" within the meaning of the statute, medical expenses must fall in the same category.

In *Cline* v. *Byrne Doors, Inc.,* 324 Mich 540 (8 ALR 2d 617), the plaintiff, an employee of the defendant under a contract of hire made in Michigan, was injured, in the course of his employment, in Florida. He was voluntarily paid certain compensation in the latter State by the insurance carrier, without any adjudication by the Florida industrial commission. Said commission did, however, enter an order requiring defendant to furnish medical, surgical and hospital care to the plaintiff. The question at issue in the case was whether such an award barred plaintiff from seeking relief under the Michigan statute. The compensation commission held that it did not, and made an award for weekly compensation based on loss of earnings, which award this Court affirmed. It was pointed out in the prevailing opinion in the case that the awards in question were not based on the same items of loss.

In reaching its conclusion in the *Cline Case,* the Michigan compensation commission held that under the situation before it the full faith and credit clause of the Federal Constitution did not bar an award to plaintiff in this State. In upholding the action of the commission this Court cited *Magnolia Petroleum Co.* v. *Hunt,* 320 US 430 (64 S Ct 208, 88 L ed 149, 150 ALR 413, 15 NCCA NS 529), and

the later case of *Industrial Commission of Wisconsin* v. *McCartin,* 330 US 622 (67 S Ct 886, 91 L ed 1140, 169 ALR 1179). In the latter case it was held that an employee injured in Wisconsin while working under an Illinois contract was not precluded from presenting a claim for compensation to the industrial commission of the former State because of a prior award in Illinois under a contract reserving to the employee any rights that he might have under the Wisconsin statute. The industrial commission of the latter State awarded benefits in accordance with the statute, less the amount received under the Illinois award. It was held by the supreme court of the United States that under the Illinois statute the proceeding in Wisconsin was not precluded, and that the express provisions of the contract gave the plaintiff the right to seek further compensation in Wisconsin.

The holding in the *Cline Case* is not in any way at variance with the other decisions of this Court above cited. Whether an award based on medical and hospital services is "compensation" under the statute of limitations as set forth in part 2, § 15, of the workmen's compensation law, above quoted in part, was not in any way involved.

Construing the provisions of the statute here in issue in the light of the general purpose of the entire act, and in conjunction with other pertinent provisions indicating the legislative intent, we think a claim for medical and hospital expenses must be regarded as one for compensation and subject accordingly to the prescribed requirements as to the time within which such claim shall be made. Under the holding of the compensation commission an employer who may not be required to pay compensation based on loss of earnings of an injured employee, because of the failure of the latter to make claim within the prescribed time, may, nevertheless, be

subjected to an award after the expiration of such period because of the incurring of expenses for hospital or medical attention, or the desirability of such services. Such holding rests on the theory that it was the intention of the legislature in the enactment of the workmen's compensation act to place no limit on the time for the making of such a claim. In view of the fact that the provision with reference to the payment of medical expenses is included in part 2 with other provisions relating to compensation, any intent to exempt a claim therefor from the operation of the statute of limitations as set forth in part 2, § 15, would, we think, have been expressly stated. From the fact that this was not done the inference follows that such exemption was not intended.

The deputy commissioner was correct in denying an award to the plaintiff, and the compensation commission was in error in modifying the order. The case is remanded to the commission with directions to set aside the award in plaintiff's favor. Defendant may have costs.

DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred with CARR, J.

BOYLES, C. J. (*dissenting*). I do not concur in reversal.

In the case now before us, the employee continued to work and receive usual wages without any loss of time, for about $2\frac{1}{2}$ years after his injury. Then finding that surgical and hospital care was necessary as a result of the injury to his knee, he filed an application with the compensation commission asking that he "be granted such relief as he is entitled to," and "that the parties hereto may have a determination of their rights under the compensation law." The commission considered it as an application for

*compensation,* under the act, and also as an application for an extension of the time within which the employer should be required to furnish medical, surgical and hospital services. The commission denied *compensation* to the plaintiff and from such denial no appeal has been taken. The defendants have appealed from that part of the order granting plaintiff an extension of time within which they are required to furnish medical, surgical and hospital services.

Hence, the sole question before us is whether medical, surgical and hospital benefits provided for in part 2, § 4, of the act * are "compensation" within the meaning of the act. More particularly, the precise question is whether the benefits provided in part 2, § 4, are "compensation" within the meaning of part 2, § 15. For comparison here, those parts of said sections essential to decision and in effect when this case arose were as follows:

Part 2, § 4: *

"The employer shall furnish, or cause to be furnished, reasonable medical, surgical, and hospital services and medicines when they are needed, for the first 6 months after the injury and thereafter for not more than an additional 6 months in the discretion of the commission, upon written request of the employee to the commission and after the employer or his insurer has been given an opportunity to file objections thereto and to be heard thereon."

Part 2, § 15: †

"No proceedings for compensation for an injury under this act shall be maintained, unless  *  *  * the claim for compensation  *  *  * shall have been made within 6 months after the occurrence of the

---

* CL 1948, § 412.4 (Stat Ann 1947 Cum Supp § 17.154). The changes by PA 1945, No 325, and PA 1949, No 238, do not apply here.
† CL 1948, § 412.15 (Stat Ann 1949 Cum Supp § 17.165).

same (with certain exceptions)  *  *  *  but no
such claim shall be valid or effectual for any purpose
unless made within 2 years from the date the person-
al injury was sustained."

Summarized, section 4 requires that the employer
shall furnish *medical, surgical and hospital services;*
section 15 provides that no proceedings for *compen-
sation* for an injury under the act shall be main-
tained unless *such claim* is made within 2 years
from the date of the injury. Did the commission, by
its order extending the time during which the de-
fendants are required to furnish medical, surgical
and hospital services to the plaintiff, grant *compen-
sation* to the plaintiff for the injury?

In the recent case of *Cline* v. *Byrne Doors, Inc.,*
324 Mich 540 (8 ALR2d 617), the same question
came before us—whether an extension of time for
an additional 6 months during which the employer
is required to furnish medical, surgical and hospital
services is an award of compensation within the
meaning of the act. In that case, the employee, a
resident of Michigan, had been voluntarily paid com-
pensation in Florida for disability arising out of an
injury which occurred in that State. Later, the
Florida industrial commission entered an order di-
recting his employer to furnish him medical, surgi-
cal and hospital services for an additional 6 months
under a comparable section of the Florida statute.
Subsequently, the employee made application to the
Michigan workmen's compensation commission for
*compensation* during disability arising out of the
injury. As to that, the Court said:

"However, the plaintiff is not here seeking pay-
ment for medical, surgical and hospital care. He
seeks an award for workmen's *compensation,* the
amount of which weekly compensation is fixed by
the Michigan act. In that respect the instant pro-
ceeding differs from the action taken by the Florida

commission, where no award of *compensation* was made. There is no constitutional requirement that the Michigan commission be required to recognize and give full faith and credit to the order of the Florida commission for a different recovery. The *Magnolia Petroleum Case,*[*] while barring an award of *compensation* by the Louisiana commission after an award of *compensation* for the same disability had been made by the Texas commission, does not apply to the case at bar."

Cases which hold that an employer can recover from an indemnitor or a subcontractor in an action of assumpsit for the amount which the employer has been required to pay to or for the employee by an award of the commission, including funeral expenses (*Michigan Boiler & Sheet Iron Works, for use and benefit of American Mutual Liability Co.,* v. *Dressler,* 286 Mich 502), do not control decision under the circumstances of the instant case.

In its opinion the compensation commission found:

"We do not think the limitation in section 15 is a bar to an injured employee's right to medical, surgical and hospital service as provided by part 2, § 4.    *    *    *

"We think the employer and its carrier if the risk is insured, are liable for the benefits provided by section 4 irrespective of whether the injured employee is entitled to weekly compensation benefits. There are any number of cases in which an injured employee continues to receive regular wages and is in no position to make a demand for weekly compensation but nevertheless is entitled to receive the benefits provided by section 4. We think that an accidental personal injury arising out of and in the course of the employment is the only prerequisite for the benefits provided by section 4. In the instant case the employer and carrier have had an

---

[*] 320 US 430 (64 S Ct 208, 88 L ed 149, 150 ALR 413, 15 NCCA NS 529).

opportunity to object to the request for additional medical care and have been heard on their objections. The record definitely establishes the need for an additional 6 months of medical, surgical and hospital care.

"We find that the plaintiff sustained an accidental personal injury arising out of and in the course of his employment by Bloch & Guggenheimer, Inc., in the latter part of January, 1945. We further find the employer had notice of the injury within the statutory period and that a report of the injury to the commission was not required. We further find that plaintiff is barred from weekly compensation for failure to make a demand for compensation within 2 years from the date of the injury. We further find that plaintiff is entitled to an additional 6 months of medical, surgical and hospital care for the injury he sustained."

The order of the commission in the instant case was in accordance with our recent decision in the *Cline Case, supra,* and should be affirmed.

REID and NORTH, JJ., concurred with BOYLES, C. J.